## CASEY *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. 32, October Term, 1950.]

*Decided May 16, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

MARBURY, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Charles C. Marbury in the Circuit Court for Prince George's County. Judge Marbury denied the writ because the application was based upon the same reasons contained in an applica-

tion previously made to Judge John T. Tucker of the Supreme Bench of Baltimore.

On February 15, 1949, while the applicant was serving a four-year sentence for larceny in the Baltimore City Jail, he attempted to escape from that institution. He was tried in the Criminal Court of Baltimore, was found guilty of an attempt to escape, and was sentenced on March 16, 1949, for a term of ten years, to begin at the expiration of his then current sentence in the city jail. He has completed the earlier sentence and is now serving the ten-year sentence in the Maryland Penitentiary. His contentions are that if this sentence was passed under the common law, it was excessive and constitutes cruel and unusual punishment, and, if it was imposed under the statute, it could not have exceeded two years.

The Code, 1947 Supplement, Article 27, Sec. 147, provides for a penalty of not more than ten years for escape, but this section does not include an attempt to escape. Article 27, Sec. 801, provides for both an escape and an attempt to escape, and fixes the term of imprisonment at not less than three months, nor more than one-half of the entire term for which the person convicted had been sentenced prior to his escape, or effort to escape. That section, however, was passed by the Act of 1916, Chapter 211, and is part of the law relating to the convict road force. It is clearly applicable only to escapes, or attempts to escape, by a prisoner while a member of the road force. Attempt to escape is a common law misdemeanor, and the penalty for that offense is in the reasonable discretion of the court, subject only to the exercise of executive clemency. *Hooper v. Warden,* 190 Md. 723, 60 A. 2d 183. *Owens v. Warden,* 190 Md. 737, 60 A. 2d 184. The applicant cites the old case of *State v. Doud,* 7 Conn. 384, decided in 1829, for the theory that a sentence for an escape should not exceed the punishment for which the accused was originally sentenced. That case, however, involved primarily the question whether the information was

sufficient, and the court, after deciding that it was, said: "* * * I advise, that he be subjected to the usual common law punishment, fine and imprisonment, one or both, at the discretion of the superior court, not exceeding the punishment from which he escaped." Whether this was merely advice, or whether it constituted the construction of the common law at that time in Connecticut, we are not informed, but there is no such theory in Maryland.

In the case of *Mitchell v. State*, 82 Md. 527, 34 A. 246, 247, where the appellant was sentenced to fifteen years imprisonment after conviction of a misdemeanor, he contended that this was in violation of the provisions contained in the Constitution, Declaration of Rights, Article 16, and Article 25, prohibiting cruel and unusual penalties and punishment. This court reviewed the history of those provisions, and said: "Even where the law confides to the Judge the imposition of the sentence without definite limit, it still may be possible to violate the Declaration of Rights. If the punishment is grossly and inordinately disproportionate to the offense so that the sentence is evidently dictated not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive, the judgment ought to be reversed, and the cause remanded for a more just sentence. * * * When the discretion which the law confers is exercised with a sedate and conscientious judgment under the influence of a love of public justice, and a desire to promote it, the judge is acting in the legitimate discharge of his duty, and his sentence is not subject to reversal."

The record in the case before us does not show the circumstances of the attempt at escape, nor why such a severe penalty was imposed upon the applicant. Under these circumstances, we cannot hold that the court exceeded its discretion, or that the punishment was cruel or unusual. The application will therefore be denied.

*Application denied with costs.*