## INGRAM *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 47, September Term, 1959.]

598

*Decided November 24, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is the third time that the applicant has applied to this Court for leave to appeal from the denial and dismissal of his petitions for relief after he had been convicted and sentenced

to eight years in the Penitentiary on a charge of attempted burglary, to which he plead guilty on March 16, 1956.

The second application, which was for post conviction relief, was granted in *Ingram v. Warden,* 219 Md. 690, 149 A. 2d 915 (1959), because the lower court had made no finding as to the applicant's indigency and had not appointed counsel as the Uniform Post Conviction Procedure Act [Code (1959 Cum. Supp.), Art. 27, secs. 645A-645J] required.

On this application, also for post conviction relief, the applicant contends, *inter alia,* as he did below, (i) that he was not offered or allowed counsel; (ii) that the eight-year sentence was cruel and unusual punishment; (iii) that he was not afforded an opportunity to speak as to why sentence should not be passed; and (iv) that he was not informed of his right to a new trial and to an appeal. All of these questions, with one minor exception, were previously and finally litigated in *Ingram v. Warden,* 218 Md. 649, 145 A. 2d 766 (1958), and cannot be raised again in this proceeding. Section 645A (a), *supra; Byrd v. Warden,* 219 Md. 681, 147 A. 2d 701 (1959). In the first *Ingram* case [218 Md. 649], *supra,* which was an application for leave to appeal from a denial of the writ of *habeas corpus,* the *per curiam* stated that the application was denied for the reasons set out in the opinion of Judge McLaughlin below. A re-examination of that opinion, which is in the record, confirms our finding that all of the questions there presented had been passed upon below. However, we note now that Judge McLaughlin in passing on the question of whether the sentence of eight years was cruel and unusual punishment—although he knew that the applicant had been sentenced for *attempted burglary*—inadvertently stated that the crime of *burglary* carried a maximum penalty of twenty years whereas the punishment for attempted burglary, a common-law offense, is unlimited so long as the sentence imposed is not cruel and unusual. *Lloyd v. State,* 219 Md. 343, 353, 149 A. 2d 369, 375 (1959). See also *Apple v. State,* 190 Md. 661, 668, 59 A. 2d 509, 512 (1948); *Casey v. Warden,* 198 Md. 645, 647, 80 A. 2d 896, 897 (1951). In any event the question is one which should have been raised by direct appeal.

Another contention—raised below by a supplemental petition, but not passed upon by the lower court—to the effect that the applicant should have been warned of the consequences of a guilty plea is without merit. *Tillett v. Warden,* 220 Md. 677, 154 A. 2d 808 (1959); *Culley v. Warden,* 220 Md. 687, 154 A. 2d 813 (1959).

Lastly, in lengthy letters addressed to judges of this Court, the applicant contends that he was entitled on this application for leave to appeal to (a) a transcript of the testimony and (b) the appointment of counsel to prepare a brief for him. Even if the Post Conviction Procedure Act made provision for the furnishing of a transcript of the proceeding at the hearing under that Act (and it does not in terms do so), there is nothing to suggest that such a transcript could serve any useful purpose in this case. This application turns simply on (i) the question of whether all but one of the issues here sought to be raised had been previously adjudicated, as they had been, and (ii) on whether or not the one additional issue presented any ground for relief under the Act, and we have held that it does not. None of these questions depends on anything which may have transpired at the Post Conviction Procedure Act hearing. We find no requirement or occasion for the appointment of counsel on this application, and the Act makes no provision therefor.

*Application denied.*