## DUFFIN *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 29, September Term, 1960.]

646

*Decided January 18, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The applicant, Lawrence Duffin, was tried in the Circuit Court for Montgomery County before the court (Shure, J.) and a jury on charges of assault with intent to murder and assault and battery. The jury found him guilty on the assault and battery charge, but not guilty of assault with intent to murder. He had a past record (for shooting a sister of the prosecuting witness, for which he received a six year sentence and served more than four and a half years) and was sentenced to five years' imprisonment on the recent offense.

In his amended petition under the Uniform Post Conviction Procedure Act (the Act), filed through his counsel appointed thereunder, and in an affidavit accompanying it, he alleged violation of State and Federal constitutional rights of due process and against self-incrimination. He also alleged that due to ignorance and lack of education he was unable to note and perfect an appeal and was incapable of waiving his right of appeal.

In support of his claims of denial of constitutional rights he alleged, in effect, suppression of evidence and improper admission of his past record. He also sought to raise matters going to the question of guilt or innocence.

His charge of suppression of evidence is based upon the fact that a knife taken from the prosecuting witness, Loretta

Jane Mahoney, by the police was not offered in evidence. Duffin's own statement regarding this matter is thus set forth in a document headed "Contentions" which accompanied his original petition: "that Loretta Jane Mahoney was armed with a knife at the time of the alleged 'assault' and that such knife was taken from her person by arresting officers. That further such knife, while shown at the Hearing was not a part of the evidence at Petitioner's trial and that such knife is in the hands of the police authorities now." Whether the "hearing" referred to was a preliminary hearing or the actual trial is not clear. Whichever it was, Duffin had full knowledge with regard to the knife and its custody long before his trial. He was represented by counsel of his own choice whom he had employed about six months before the trial. It would seem clear that the defendant had ample opportunity, had he so desired, to have put the knife in evidence on cross-examination, or otherwise, through either Loretta J. Mahoney or the police officer. In view of the above statement by Duffin and in view of the other facts just stated, we see no foundation for a claim of suppression or concealment of evidence by the State. Cf. *Whitley v. Warden,* 222 Md. 608, 158 A. 2d 905.

Other matters raising questions of innocence or guilt, of the admission of evidence, or of inconsistent or recanting statements made by the prosecuting witness before or after Duffin's trial, afford no ground for post conviction relief. See *State v. D'Onofrio,* 221 Md. 20, 155 A. 2d 643.

The principal question in this proceeding, as Duffin's counsel stated in the trial court, is whether or not Duffin had waived his right of appeal. As to that matter we see no basis for disturbing the finding of Judge Lawlor rejecting Duffin's claim of ignorance of his right of appeal—a right which is given by statute and the exercise of which by an indigent defendant at State expense is provided for by statute. Through non-exercise of the right of appeal, that right was waived, and we see no basis for the allowance of a belated appeal.

Nor do we see how a transcript of the proceedings at the original trial, which the applicant sought, would be of any material use in this case. (See *Ellinger v. Warden,* decided contemporaneously herewith, 224 Md. 648, 167 A. 2d 334.)

648

Neither do we see any occasion for the appointment of counsel for the applicant in this matter, which he also requested.

*Application denied.*