**UNITED STATES of America ex rel. Willie COMBS, Petitioner,**

v.

**Hon. Wilfred L. DENNO, as Warden of Sing Sing Prison, Ossining, New York, Respondent.**

United States District Court
S. D. New York.

July 17, 1964.

Willie Combs, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent, Vincent A. Marsicano, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, serving a sentence of seven and a half to fifteen years at Sing Sing Prison, imposed pursuant to a judgment of conviction entered in the County Court, Kings County, State of New York, seeks a writ of habeas corpus. He contends that the judgment, which was entered upon his plea of guilty to a reduced charge of manslaughter in the second degree from murder in the first degree, is void for violation of his federally protected rights under the Fourteenth Amendment.

The homicide was committed on July 7, 1960. The next day petitioner was brought before a Magistrate in the Felony Court, Borough of Brooklyn.[1] A notice of appearance was filed on his behalf by an attorney of the Legal Aid Society who was designated by the Magistrate. A preliminary hearing was waived and petitioner was held to await action by the grand jury.[2]

On July 29, 1960, prior to the return of any indictment, a privately retained attorney filed a notice of appearance on petitioner's behalf in the County Court, Kings County. An indictment was returned to County Court on October 20, 1960, charging him with murder in the first degree, a capital offense. He was thereafter arraigned before a County Judge and, in the absence of his counsel, a plea of not guilty was entered on his behalf by the Court, and he was advised that any other plea or demurrer could be substituted by his counsel. Subsequently, on November 30, 1960, his attorney moved for an inspection of the grand jury minutes, which was denied on De-

cember 15, 1960. On December 6, 1960, a County Court Judge appointed four attorneys to represent him on the trial.

On January 30, 1961, one of his counsel moved for the withdrawal of his plea of not guilty and to interpose a plea of guilty to manslaughter in the second degree to cover the indictment. Upon questioning by the Court, the petitioner acknowledged details of the offense and that the offer to plead was voluntarily made, and further that he understood that if he had previously been convicted of a felony he was subject to sentence as a multiple offender. The plea accordingly was entered. On April 11, 1961, based upon his acknowledgment of a prior felony conviction entered in the State of Georgia, he was sentenced as a second offender to the term under which he is presently confined.

In November 1962 petitioner applied for a writ of error coram nobis in the Supreme Court of the State of New York, which was denied without a hearing. Leave to appeal in forma pauperis, and on a typewritten record and briefs, was granted by the Appellate Division, Second Department, but it denied petitioner's request for the assignment of counsel. Upon consideration of the appeal, the denial of his petition for a writ of coram nobis was unanimously affirmed and thereafter leave to appeal to the Court of Appeals was denied. His petition to the Supreme Court of the United States for a writ of certiorari was refused for failure to comply with the Rules of the Court.

 Against this factual background he makes various contentions. First, he contends that with respect to the preliminary proceeding in the Felony Magistrate's Court, "because of his ignorance of the law, his right to a hearing was waived without his knowledge or consent, to the grand jury." Despite his

1. N.Y.Crim.Code § 188.

2. N.Y.Crim.Code § 190 provides, in part: " * * * The magistrate, immediately after the appearance of counsel, or if none appear and the defendant require the aid of counsel, must, after waiting a reason-

able time therefor, proceed to examine the case, unless the defendant waives examination and elects to give bail, in which case the magistrate must admit the defendant to bail if the crime is bailable, as provided in section two hundred ten; * * *."

denial that he was there represented by counsel, the record indicates that he was represented by a Legal Aid counsel. However, assuming arguendo petitioner's factual assertion, it would not taint the judgment of conviction that was entered upon his plea of guilty to the indictment. The grand jury had independent power to act without regard to any disposition made by the committing magistrate.[3] Whether, at the Magistrate's Court, a hearing was conducted or not, whether defendant waived examination or not, the grand jury was free to return the indictment. Moreover, since the Felony Court hearing was only preliminary in nature, there is no federally protected right thereto;[4] indeed, there is no constitutional requirement that a State set up any procedure prior to indictment for examination of witnesses by either the prosecution or the defense.[5]

■■ Equally without merit is his claim that at his arraignment upon the indictment a plea of not guilty was wrongfully entered in the absence of his counsel by the County Judge, who acted as "both attorney and judge." The Court not only protected him in the entry of that plea, but informed him that his counsel was in a position to enter any other plea or a demurrer. There is no claim that other than the entry of the not guilty plea anything else occurred or was omitted at the arraignment which in any respect prejudiced petitioner in the proceedings that followed, or was availed of to his detriment. Since petitioner was subsequently represented by counsel at all critical points of the proceedings against him, and has alleged no prejudice as a result of the absence of his counsel at the arraignment, there is no basis for any claim of invasion of constitutional rights. Arraignment in New York State is not such a "critical proceeding" so that there is an absolute right to counsel at that time.[6]

■ Third, petitioner appears to contend that the indictment was returned by the grand jury upon insufficient evidence. This claim, too, is without substantial merit. Apart from the fact that the Fifth Amendment does not mandate the States to follow grand jury procedure in felony cases,[7] even if it did, an indictment based upon hearsay, incompetent or inadequate evidence would not be void, nor give rise to any constitutional infringement of petitioner's rights.[8]

■ Next, as nearly as the Court can understand petitioner's contention, it is that the Georgia conviction does not constitute a felony under New York law and hence could not be used as the basis for the multiple sentence. The validity of the Georgia conviction itself is not challenged. The Georgia indictment upon which petitioner was convicted charged that "with force and arms, [he] did wrongfully, fraudulently and violently, by force and intimidation, take from the person of Frank Hammond, without his consent and with intent to steal * * * [$42.50]." Under New York law this would amount either to robbery in the second degree (Penal Law, sections 2126, 2127), or robbery in the third degree (Penal Law, sections 2128, 2129), both felonies (Penal Law, section 2). This claim likewise is clearly lacking in substance.

■ Petitioner also appears to be claiming that when he shot the deceased,

3. People ex rel. Hirschberg v. Close, 1 N.Y. 2d 258, 152 N.Y.S.2d 1, 2–3, 134 N.E.2d 818 (1956).

4. See Goldsby v. United States, 160 U.S. 70, 72, 16 S.Ct. 216, 40 L.Ed. 343 (1895).

5. See Clarke v. Huff, 73 App.D.C. 351, 119 F.2d 204 (1941); United States v. Heideman, 21 F.R.D. 335 (D.D.C.), aff'd, 104 U.S.App.D.C. 128, 259 F.2d 943 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959).

6. United States ex rel. Spinney v. Fay, 221 F.Supp. 419 (S.D.N.Y.), aff'd on opinion below, 325 F.2d 436 (2d Cir. 1963); United States ex rel. Hussey v. Fay, 220 F. Supp. 562 (S.D.N.Y.1963).

7. Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884); Hudgens v. Clark, 218 F.Supp. 95 (D.Or.1963).

8. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

he did so in self defense. The record, which is not attacked, reveals that after some hesitancy, petitioner, in response to the question, "And you are not claiming that it was necessary for you to shoot to defend yourself?" replied, "No sir." The belated assertion to the contrary affords petitioner no basis for relief on Federal habeas corpus.[9]

The final ground urged by petitioner for the vacatur of the conviction is based upon the refusal of the Appellate Division, Second Department, to appoint counsel to represent him in the prosecution of his appeal from the order which denied his application for a writ of error coram nobis, in which he advanced several of the grounds urged here. He contends that, since he lacked legal competence, the failure to assign counsel prevented adequate presentation of his various contentions that the judgment of conviction was void.

While recent decisions have extended the right to counsel guaranteed by the Sixth and the Fourteenth Amendments to points in time both prior to trial[10] and subsequent to it,[11] that right has not been extended to appeals from a denial of relief via a collateral attack on a judgment of conviction. The right to counsel in such a collateral attack, at times equated to a civil proceeding,[12] is not within the reach of the Sixth Amendment, which guarantees to a defendant in "all criminal prosecutions" the assistance of counsel in his defense.[13] Accordingly, the failure of the Appellate Division, Second Department, to assign counsel to assist petitioner in the prosecution of his appeal from an order deny-

ing his writ of error coram nobis did not deprive him of any constitutional rights.[14]

The petition for a writ of habeas corpus is denied.

---

9. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830 (1941); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2d Cir. 1963).

10. Escobedo v. Illinois, 84 S.Ct. 1758 (1964).

11. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

12. Heflin v. United States, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

13. See Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964); McCartney v. United States, 311 F.2d 475 (7th Cir.), cert. denied, 374 U.S. 878, 83 S.Ct. 1910, 10 L.Ed.2d 1068 (1963).

14. United States ex rel. Tierney v. Richmond, 245 F.2d 222 (2d Cir. 1957) (assignment of counsel denied on appeal from denial of writ of habeas corpus).