Theodore Robert FRENCH, Petitioner,

v.

LaMoyne GREEN, Superintendent,
Marion Correctional Institution,
Respondent.

No. C 67–32.

United States District Court
N. D. Ohio, W. D.

March 9, 1967.

Theodore Robert French, pro se.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## OPINION

DON J. YOUNG, District Judge.

Petitioner is seeking a release by writ of habeas corpus from the Marion Correctional Institution at Marion, Ohio. The petition asserts several errors in the original proceeding at which the accused entered his plea of guilty. Among them are the involuntariness of the plea by virtue of some alleged promises concerning sentencing, ineffective representation of counsel due to his appointment just moments before the arraignment, and certain irregularities in the sentencing procedure. Also, petitioner contends that he had no counsel at any of his post-conviction proceedings.

This is the second time that petitioner has sought a writ of habeas corpus in this Court. On May 19, 1966, his petition was dismissed on the ground that he had not exhausted his state court remedies as required by 28 U.S.C. § 2254 (1958). This Court said at that time that before a federal court can consider the constitutional claims in habeas corpus the state's highest court must have been presented those claims, or circumstances must exist which would prevent such presentation.

Subsequently, petitioner initiated an action in the sentencing court, the Common Pleas Court of Muskingum County, to vacate his sentence under Ohio Revised Code section 2953.21. Relief was thereafter denied and he appealed to the Court of Appeals of Ohio for the Fifth District which upheld the lower court.

Respondent has again moved for a dismissal for failure to exhaust state court remedies. In support of such motion respondent points out that petitioner has still not presented his constitutional claims to the Ohio Supreme Court by appeal, habeas corpus, or under the post-conviction statute. In response to this argument, petitioner replys that because he is a layman and was unassisted by counsel in the state proceedings, the time for appeal to the Supreme Court from the adverse decision in the Court of Appeals has elapsed and that he has no other effective remedy in the state courts.

This case presents the Court with a serious dilemma because of the continuous refusal of the Ohio courts to appoint counsel for petitioners seeking post-conviction relief. The sentencing court is authorized by Ohio Revised Code section 2953.24 to appoint counsel to represent a petitioner seeking relief under the post-conviction statute. However, the courts have been extremely reluctant to exercise their discretion in favor of appointment. Furthermore, because the action is civil in nature, rather than criminal, it has been held that there is no authority to appoint counsel to represent a petitioner on appeal from an order denying relief. State v. Buffington, 7 Ohio App. 2d 211, 219 N.E.2d 614 (1966). Thus in the present case, the petitioner apparently had no counsel at any stage of his post-conviction proceedings in either the sentencing court or the Court of Appeals. As a result he has lost his right of appeal to the Supreme Court of Ohio because his time for perfection has expired.

This Court has previously expressed its confidence in the capability and integrity of the bar of Ohio, and of its willingness to represent indigents, thus helping to protect the liberties of those accused or even convicted of crimes. Williams v. Green, 254 F.Supp. 245 (N.D. Ohio 1966). Yet the courts of Ohio refuse to take advantage of that resource, and consistently do not appoint counsel.

One might seriously question whether the Ohio post-conviction statute, *as applied by the courts,* is really adequate to provide effective relief. The United States Supreme Court in a per curiam opinion has said that:

"Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceeding." [1]

This Court is convinced that the Ohio statute is essentially a good one, and that it can provide an effective remedy if properly applied. If the assistance of the members of the bar would be solicited in more cases, the statute would become much more meaningful.

Regardless of the procedural difficulties which the petitioner has met in the post-conviction proceedings, he still appears to have a remedy in Ohio under the delayed appeal provision under Ohio Revised Code section 2953.05. Under this section an appeal may be taken to the Court of Appeals by leave of the court from the original conviction. If that court denies relief, he can appeal to the Ohio Supreme Court. In this manner, petitioner might eventually present his constitutional claims to the Ohio Supreme Court, and if it denies relief on the merits or refuses to hear the case, then this Court could exercise its jurisdiction.

Considerations of comity require this case to be dismissed at this time. The exhaustion provision in section 2254 teaches that the federal courts should defer action until the courts of another sovereignty have had the opportunity to pass on the matter. But if the remedy of delayed appeal is shown not to be available to petitioner in the state courts, then the matter would be ripe for decision in a federal court.

Respondent's motion for dismissal will therefore be allowed.

1. Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 22, 11 L.Ed.2d 11 (1963).