The State of Ohio, Appellee, *v.* Catlino, Appellant.

[Cite as State v. Catlino, 10 Ohio St. 2d 183.]

(No. 40673—Decided May 3, 1967.)

184

*Mr. John J. Corrigan,* prosecuting attorney, and *Mr. Leo M. Spellacy,* for appellee.

*Mr. James A. Catlino, in propria persona.*

TAFT, C. J. An indigent convicted defendant has a constitutional right to counsel on a direct appeal to the Court of Appeals from his judgment of conviction. *Douglas* v. *California* (1963), 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814. The failure of our statutes to provide therefor at state expense prior to the effective date of Section 2941.50(B), Revised Code, on November 11, 1965, can obviously not interfere with that right. There is no claim that the prisoner in the instant case waived that right to counsel.

If the prisoner had not been denied this right to counsel, he would have had a reasonable opportunity to file his notice of appeal within the time limited by statute and to secure at state expense a transcript of the proceedings at his trial so that a bill of exceptions could have been prepared and filed before due.

In the absence of a judicial determination that a prisoner knowingly and intelligently waived his right to counsel on an appeal to the Court of Appeals from his judgment of conviction, the judgment of the Court of Appeals either dismissing the appeal or affirming the judgment of conviction will not amount to an adjudication of any claims of error that were or could have

been raised on that appeal. See *State* v. *Perry*, 10 Ohio St. 2d 175.

For the foregoing reasons, the motion to certify the record is allowed, the judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court with instructions to appoint counsel to represent the prisoner on appeal from his judgment of conviction and to provide the prisoner at state expense with those portions of the transcript of the proceedings of the trial which such counsel deems necessary for prosecution of an appeal to the Court of Appeals that he may find to be appropriate. In view of the diligence of the prisoner in asserting his rights and on the assumption that such counsel exercises equal diligence, we have no doubt that the Court of Appeals will exercise its discretion to allow a motion for leave to appeal which such counsel may file.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.