HENDERSON, APPELLANT, *v.* STATE OF OHIO, APPELLEE.

(No. 4688—Decided June 20, 1967.)

*Mr. Lawrence V. Cregan*, for appellant.
*Mr. Clyde W. Osborne*, prosecuting attorney, and *Mr. Carroll H. Matter*, for appellee.

LYNCH, J.   This is an appeal filed pursuant to Section 2953.-23 of the Revised Code.   Petitioner, appellant herein, an inmate of the Ohio Penitentiary, applied to the Common Pleas Court for postconviction determination of his constitutional rights under Section 2953.21 of the Revised Code.

Petitioner was indicted for assault with intent to rob and intentional shooting.   He was assigned counsel by the court.   While represented by counsel the charge of assault with intent to rob was reduced to assault with a dangerous weapon, and petitioner entered pleas of guilty to the charge of assault with a dangerous weapon and intentional shooting.   He was sentenced on both charges, but the sentences run concurrently.

The Common Pleas Court Judge denied petitioner's petition and wrote a detailed opinion in which he specifically discussed every allegation made in petitioner's petition.   We agree with the trial judge's opinion, and overrule the first five assignments of error because they are answered by the trial judge's opinion.

The remaining assignments of error of petitioner are that the Common Pleas Court committed error in failing to appoint and provide compensation for counsel for petitioner pursuant to Section 2953.24 of the Revised Code.

Because this statute is relatively new, there has been considerable confusion as to how this statute should be construed; therefore, this court is reviewing the law on this issue.

Section 2953.24 of the Revised Code provides as follows:

"A court in which a petition is filed pursuant to Section 2953.21 of the Revised Code may appoint and fix the compensation of counsel for the petitioner pursuant to Sections 2941.50 and 2941.51 of the Revised Code."

Section 2941.50 of the Revised Code provides in part as follows:

"(B) Where a defendant is found guilty of a felony and is without and unable to employ counsel to prosecute an appeal, at the time of the hearing at which sentence is imposed the court may, upon a proper showing of financial inability to employ counsel to conduct an appeal, assign counsel to conduct such appeal as provided in division (A) of this section."

The first paragraph of the syllabus of *State* v. *Catlino*, 10 Ohio St. 2d 183, is as follows:

"A convicted defendant has a constitutional right to counsel on a direct appeal to the Court of Appeals from his judgment of conviction. (*Douglas* v. *California*, 372 U. S. 353, followed.)"

However, the weight of authority is that the right to counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution does not extend to appeals from a denial of relief in postconviction proceedings for the vacation of sentences which have become final and are no longer subject to appeal. *State* v. *Buffington*, 7 Ohio App. 2d 211; *French* v. *Green, Supt.* (D. C. Ohio), 264 F. Supp. 922; *United States, ex rel. Boone*, v. *Fay* (D. C. N. Y.), 231 F. Supp. 387, certiorari denied, 380 U. S. 936, 85 S. Ct. 945, 13 L. Ed. 2d 823; *United States, ex rel. Combs*, v. *Denno* (D. C. N. Y.), 231 F. Supp. 942; *Young* v. *United States* (C. C. A. 5), 246 F. 2d 901, certiorari denied, 355 U. S. 917, 78 S. Ct. 348, 2 L. Ed. 2d 277; *Waldon* v. *District Court of Lee County*, 256 Iowa 1311, 130 N. W. 2d 728; *Ingram* v. *Warden of Maryland House of Correction*, 221 Md. 597, 155 A. 2d 668, certiorari denied, 361 U. S. 971, 80 S. Ct. 604, 4 L. Ed. 2d 551; *Duffin* v. *Warden of Maryland Penitentiary*, 224 Md. 645, 167 A. 2d 601; 24A Corpus Juris Secundum 50, Criminal Law, Section 1710 (7).

The Third District Court of Appeals in the case of *State* v. *Buffington*, 7 Ohio App. 2d 211, held that Section 2953.24 of the Revised Code does not provide for the appointment or fixing of compensation of counsel for an indigent prisoner to prosecute an appeal from a judgment or order entered on a petition to vacate or set aside sentence filed under the provisions of Section 2953.21 of the Revised Code.

However, the Ohio Supreme Court, in the case of *State* v. *Catlino*, 10 Ohio St. 2d 183, which arose out of a proceeding for postconviction relief instituted pursuant to Section 2953.21 *et seq.*, Revised Code, reversed the judgment and remanded the cause to the Common Pleas Court with instructions to appoint counsel to represent the indigent prisoner on appeal from his judgment of conviction and to provide the prisoner at state expense with those portions of the transcript of the proceedings of the trial which such counsel deems necessary for prosecution of an appeal to the Court of Appeals that he may find to be appropriate.

We feel that the result of *State* v. *Catlino*, 10 Ohio St. 2d 183, is inconsistent with the decision of *State* v. *Buffington*, 7 Ohio App. 2d 211, on its interpretation of Section 2953.24 of the Revised Code, and that in effect the decision of *State* v. *Buffington* was overruled by *State* v. *Catlino* on this point. We heartily agree with overruling *State* v. *Buffington*, 7 Ohio App. 2d 211, on its interpretation of Section 2953.24 of the Revised Code. According to *State* v. *Buffington*, Section 2953.24 of the Revised Code, in effect, accomplishes nothing. Although, in the interest of exactitude, the Legislature probably should have spelled out its legislative intent in more detail in enacting Section 2953.24 of the Revised Code, we feel that the language of the statute is sufficient to determine the legislative intent.

We hold that the clear legislative intent of Section 2953.24 of the Revised Code is to give the Common Pleas Court discretion to appoint and to provide compensation for counsel for an indigent prisoner in a proceeding for postconviction determination of his constitutional rights.

As a general rule, there is no need for the court in which a petition for postconviction relief has been filed to appoint counsel for an indigent prisoner when the court summarily dismisses the petition on either of the following grounds: (1) the

petition does not allege facts which, if proved, would entitle the prisoner to relief; and (2) the petition does allege facts which, if proved, would entitle the prisoner to relief, but the files and records of the case negative the existence of facts sufficient to entitle the prisoner to relief. These situations are taken from the second and third paragraphs of the syllabus of *State* v. *Perry*, 10 Ohio St. 2d 175.

If the petition for postconviction relief alleges facts which, if proved, would establish that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution, and these facts are not negated by the files and records of the case, the trial court must grant a hearing thereon and serve notice on the prosecuting attorney.

When the trial court makes a decision that there is sufficient merit to a petition for postconviction relief to justify a hearing, the trial court should give serious consideration to appoint and provide compensation for counsel for an indigent prisoner. If the trial court does not so appoint counsel for an indigent prisoner we have held that the trial court abuses its discretion and remanded the case with instructions that counsel should be appointed for the indigent prisoner.

In the instant case, the trial judge examined the files and records of this case and decided that the defendant was entitled to no relief. Therefore, we hold that the trial judge properly exercised his discretion in refusing to appoint counsel for defendant.

*Judgment affirmed.*

JONES, P. J., and O'NEILL, J., concur.