STATE *v.* VAUGHN.*

[Cite as State v. Vaughn, 15 Ohio Misc. 285.]

---

*Judgment reversed, 16 Ohio App. 2d 33.

(No. 23354.)

Common Pleas Court of Mahoning County.

*Mr. Frank P. Anzellotti*, prosecuting attorney, and *Mr. Lewis K. Levy*, for the state.
*Mr. Robert Gilliland*, for defendant.

RIGELHAUPT, J. This day this cause came on to be heard on the motion of the defendant requesting the court for an order providing him with a transcript, bill of exceptions, and counsel at the expense of the state of Ohio, for the purpose of prosecuting an appeal from his conviction for armed robbery.

The issues made on the motion are two in number:

1. Is the defendant indigent?

2. Is the appeal being taken in good faith, based on legitimate claims of error and in the interest of justice?

As to the first ground, the court finds that the defendant is in fact indigent.

On the second issue, defendant's counsel urges in support of its motion that error intervened in the trial of the cause in that a "line-up" was held, and defendant identified in said line-up in the absence of counsel.

This court has obtained a transcript of the testimony of Carol Jean Walski, the witness who made an in-court positive identification of the defendant. In substance, the witness testified that the defendant accosted her with a gun as she worked in the store as a cashier; that as a result thereof, she handed over to him certain monies which she had in her possession and control; that as this was taking place, the defendant was apprehended in the store by the employer of the witness, Mr. Vincent Furrie, who threw the defendant to the floor and held him there until the police came. During all of the time this was going on, the witness, Carol Jean Walski, saw the defendant, and positively identified him as being the man who held her at the point of a gun.

A copy of Carol Jean Walski's testimony is attached.

Vincent Furrie, Sam Schiavone, and William Badjun all saw the defendant in the store committing the robbery.

There can be no question that this defendant, at the point of a gun, committed a robbery and is guilty as charged.

Defendant's counsel claims as his ground for appeal that the line-up held after the crime makes void the in-court identification made by the identifying witnesses for the reason that the defendant's counsel was not present at the line-up. The defendant's counsel urges that, by reason of the foregoing, there was error in the trial of this cause.

There is no evidence that the line-up in any way assisted or affected the identification made by the witnesses in court. On the contrary, the court finds beyond the existence of any reasonable doubt that the in-court identifications were based upon observations of the defendant other than the line-up identification.

This court, who presided at the trial of the defendant, after examination of the entire record, finds that the in-court identification made by the witnesses were based upon their observations of the defendant while he was in the process of committing this armed robbery. The court further finds that the identification made in the line-up in no manner aided or assisted the witnesses in making the identification of the defendant in this case. (*U. S.* v. *Wade*, 388 U. S. 218.) (*Gilbert* v. *California*, 388 U. S. 263.)

If the police department erroneously permitted an identification in a line-up without the presence of counsel, and, if this constituted error, in this case it was harmless error.

It will be further noted that the defendant's counsel, through cross-examination, developed that a line-up was had, and that the defendant was identified in that line-up. The state, in presenting its case, made no mention of a line-up or the identification made in that line-up. It must also be noted that defendant's counsel made no motion to strike the in-court identification from consideration by the jury.

It is the opinion of this court that an appeal by the

defendant would not be in good faith, nor would it be based upon any legitimate claims of error, nor, what is more important, would it be in the interests of justice.

Every defendant who is found guilty of a crime cannot, unless reasonable cause is shown, be permitted to appeal every verdict and judgment of conviction at the expense of the state.

The expense to the state and its taxpayers in providing a transcript of the court records, bill of exceptions, and counsel, if permitted in every case in which a defendant is found guilty, would result in a burdensome expense, *serve no good purpose*, and not be in the interest of justice.

It seems to this court that the time has come for reviewing courts to keep in mind that trial courts are just as interested as they in seeing that a defendant is justly tried and, if found guilty, justly sentenced.

If there were any doubt in this court's mind that this defendant was not justly convicted and justly sentenced, it would not hesitate to allow this appeal.

It is the opinion of this court that the Supreme Court of the United States, and the Supreme Court of Ohio, by their decisions, did not intend to permit every defendant to burden reviewing courts with appeals which are without merit, and where legal rights of the defendant have not been violated.

The court finds that the appeal attempted is not in good faith, based on legitimate claims of error, or in the interest of justice, and, therefore, the state of Ohio is not required, in this case, to furnish defendant, at the state's expense, with transcript, bill of exceptions, and counsel.

Judgment rendered accordingly.

The prosecuting attorney is to prepare a journal entry in accordance with the above findings.