THE STATE, EX REL. LOWTHER, *v.* COURT OF COMMON PLEAS OF CUYAHOGA COUNTY.

[Cite as State, ex rel. Lowther, v. Court of Common Pleas, 12 Ohio St. 2d 74.]

(No. 41290—Decided December 13, 1967.)

*Mr. Robert Lowther, in propria persona.*

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Joseph F. Donahue,* for respondent.

*Per Curiam.* In support of his demurrer respondent argues that relator has no appeal pending or has no appeal as of right and, thus, is not entitled to a bill of exceptions at the expense of the state. In support of this it cites *State, ex rel. Catlino,* v.

*Clerk of Common Pleas Court of Cuyahoga County,* 9 Ohio St. 2d 101.

Mandamus is an extraordinary remedy and does not lie if there is an adequate remedy in the ordinary course of the law. *State, ex rel. Pressley,* v. *Industrial Commission,* 11 Ohio St. 2d 141.

Ordinarily, to be entitled to a transcript of his original trial an accused must be within rule at the time such request is made or have had a motion for leave to appeal granted. *State, ex. rel. Catlino,* v. *Clerk of Common Pleas Court of Cuyahoga County, supra.*

However, in the second *Catlino case (State* v. *Catlino,* 10 Ohio St. 2d 183) where it appeared that the indigent accused had promptly attempted to pursue an appeal from his conviction but because of lack of counsel was denied his appeal, this court, in a postconviction remedy proceeding, remanded the cause to the Court of Common Pleas with directions to appoint counsel and to grant a bill of exceptions so that relator could have a proper appeal from his conviction.

Relator, in the instant case, is out of rule so far as his appeal as of right is concerned and no motion for leave has been granted. Thus, there is no clear legal duty in any officer to furnish relator with a transcript.

It is apparent that if relator is entitled to any relief it is that pursued by the accused in *State* v. *Catlino,* 10 Ohio St. 2d 183, and not by mandamus.

The demurrer to the petition is sustained and the writ is denied.

*Writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.