THE STATE OF OHIO, APPELLEE, *v.* VAUGHN, APPELLANT.

[Cite as State v. Vaughn, 16 Ohio App. 2d 33.]

(No. 4816—Decided October 22, 1968.)

*Mr. Frank P. Anzellotti,* prosecuting attorney, for appellee.

*Mr. William Vaughn, in propria persona.*

O'NEILL, J. On February 15, 1968, following trial to jury, defendant, appellant herein, was sentenced to the Ohio State Penitentiary for an indeterminate term of not less than ten years nor more than twenty-five years. Motion for new trial filed February 17, 1968, was overruled February 29, 1968. On March 18, 1968, defendant filed his notice of appeal accompanied by an affidavit of indigence and a motion for appointment of counsel and furnishing of a transcript and bill of exceptions at public cost. This motion was heard and, in an opinion which is reported in *State* v. *Vaughn,* 15 Ohio Misc. 285, the trial court found that the appellant was "in fact indigent." The court, after a thorough resume of the facts and merits of the case, determined, at page 287, that:

"It is the opinion of this court that an appeal by the defendant would not be in good faith, nor would it be based upon any legitimate claims of error, nor, what is more important, would it be in the interests of justice."

The appellant filed a notice of appeal from the journalization of the denial of counsel and preparation of transcript and bill of exceptions. The matter is before this court for appointment of counsel and providing of a transcript and bill of exceptions.

Pursuant to the provisions of Section 2941.50 (C), Revised Code, this court has authority to assign counsel to indigent appellants. The court is faced, however, with the journalized refusal of the trial court to act. It should be noted that under the statute the trial court was without authority to consider appointment of counsel.

"Where a defendant is found guilty of a felony and is without and unable to employ counsel to prosecute an appeal, *at the time of the hearing at which sentence is imposed* the court may, upon a proper showing of financial inability to employ counsel to conduct an appeal, assign counsel to conduct such appeal * * *." Section 2941.50 (B), Revised Code. (Emphasis added.)

In this case the trial court had lost its right to appoint on the day of sentencing. We feel, however, that the lengthy opinion of the court should be considered. The trial court thoroughly reviewed the facts and merits of the trial and arrived at the conclusion that appointment of counsel for the purpose of appeal would serve no good purpose nor be in the furtherance of justice. The United States Supreme Court has considered just such a matter. In *Douglas* v. *California*, 372 U. S. 353, the court gave consideration to the thought that an appointing court could consider the usefulness of appointing appellate counsel and arrived at the following conclusion, at page 355:

"We agree, however, with Justice Traynor of the California Supreme Court, who said that the 'denial of counsel on appeal [to an indigent] would seem to be a discrimination at least as invidious as that condemned in *Griffin* v. *Illinois.* * * *'"

The court said further, on page 355:

"'* * * For there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has. * * *' "

This ruling has been adopted in Ohio in *State* v. *Catlino*, 10 Ohio St. 2d 183, the first paragraph of the syllabus of which is as follows:

"A convicted defendant has a constitutional right to counsel on a direct appeal to the Court of Appeals from his judgment of conviction. * * *"

Accordingly, we hold that the decision of the trial court as reported in *State* v. *Vaughn*, 15 Ohio Misc. 285, is contrary to the provisions of the United States Constitution as interpreted by the United States Supreme Court in *Douglas* v. *California*, 372 U. S. 353, and the Ohio Supreme Court in *State* v. *Catlino*, 10 Ohio St. 2d 183. We further find that defendant, appellant herein, William B. Vaughn, is indigent and do hereby appoint Attorney Robert C. Gilliland as counsel for defendant. It is the further order of this court that defendant be provided, at state expense, with those portions of the transcript of proceedings of the trial which his counsel deems necessary for prosecution of appeal.

*Judgment accordingly.*

LYNCH, J., concurs.
JONES, P. J., not participating.