THE STATE OF OHIO, APPELLEE, *v.* RATLIFF, APPELLANT.

[Cite as State v. Ratliff, 20 Ohio App. 2d 20.]

(No. 835—Decided July 7, 1969.)

*Mr. Everett Burton,* prosecuting attorney, for appellee.

*Mr. Robert E. Ratliff, in propria persona.*

STEPHENSON, J. Petitioner, appellant herein, filed a petition for postconviction relief in the Scioto County Common Pleas Court from a conviction and sentence of that court. Counsel was appointed for the hearing in the trial court, based on indigency, a hearing held, and by entry of November 14, 1968, the trial court, after making a finding of fact and conclusions of law, found the petitioner was not entitled to relief, and dismissed the petition.

On November 25, 1968, the petitioner, acting in his own behalf, and without counsel, filed a notice of appeal, together with a precipe for transcript and docket entries. On the same date, he filed a motion in this court for the

appointment of counsel on appeal and for necessary records and papers to conduct his appeal. It is upon this motion this opinion is rendered.

We observe at the outset that right to counsel herein for such appeal is not constitutionally required by either the Ohio or federal Constitution. We agree with the following statement in *Henderson* v. *State*, 11 Ohio App. 2d 1 at page 3:

"The first paragraph of the syllabus of *State* v. *Catlino*, 10 Ohio St. 2d 183, is as follows:

" 'A convicted defendant has a constitutional right to counsel on a direct appeal to the Court of Appeals from his judgment of conviction. (*Douglas* v. *California*, 372 U. S. 353, followed.)'

"However, the weight of authority is that the right to counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution does not extend to appeals from a denial of relief in postconviction proceedings for the vacation of sentences which have become final and are no longer subject to appeal. *State* v. *Buffington*, 7 Ohio App. 2d 211; *French* v. *Green, Supt.* (D. C. Ohio), 264 F. Supp. 922; *United States, ex rel. Boone,* v. *Fay* (D. C. N. Y.), 231 F. Supp. 387, certiorari denied, 380 U. S. 936, 85 S. Ct. 945, 13 L. Ed. 2d 823; *United States, ex rel. Combs,* v. *Denno* (D. C. N. Y.), 231 F. Supp. 942; *Young* v. *United States* (C. C. A. 5), 246 F. 2d 901, certiorari denied, 355 U. S. 917, 78 S. Ct. 348, 2 L. Ed. 2d 277; *Waldon* v. *District Court of Lee County,* 256 Iowa 1311, 130 N. W. 2d 728; *Ingram* v. *Warden of Maryland House of Correction,* 221 Md. 597, 155 A. 2d 668, certiorari denied, 361 U. S. 971, 80 S. Ct. 604, 4 L. Ed. 2d 551; *Duffin* v. *Warden of Maryland Penitentiary,* 224 Md. 645, 167 A. 2d 601; 24A Corpus Juris Secundum 50, Criminal Law, Section 1710 (7)."

To the authorities above quoted we would add *Queor* v. *Lee, Commr.,* 382 F. 2d 1017.

Prior to *Henderson,* it was held in Ohio in *State* v. *Buffington, supra* (7 Ohio App. 2d 211), that there was no constitutional or statutory provision for the appointment

of counsel for an indigent prisoner to prosecute an appeal from a judgment or order entered on a petition to vacate or set aside a sentence filed under the provisions of Section 2953.21 Revised Code.

In *Henderson,* the view was adopted that *State* v. *Catlino, supra* (10 Ohio St. 2d 183), had impliedly overruled the holding in *Buffington.* It is our view that the holding in *State* v. *Buffington* is no longer valid, not because of *State* v. *Catlino,* but because of subsequent legislative enactments.

Former Section 2953.24 Revised Code, construed in *Buffington,* was repealed effective December 9, 1967, and a new section under the number of 2953.24, Revised Code, was enacted, effective on the same date. It provides in part:

"(A) Where the petitioner is indigent, he may file with his petition an affidavit saying he is unable to employ counsel. If the court finds that the petition is sufficient on its face and is satisfied that the petitioner is unable to employ counsel, it *shall* appoint counsel to represent such petitioner both on his petition *and on appeal if taken as provided by law.*" (Emphasis added.)

Section 2941.50, Revised Code, was amended, effective June 5, 1968, by the addition of the following:

"(C) Where a defendant who is found guilty of a felony files or attempts to file an appeal from such judgment *or order denying relief therefrom under Section 2953.21 of the Revised Code* in a Court of Appeals or the Supreme Court and, at any time before the final submission of such appeal or attempt to appeal is without and unable to employ counsel to prosecute such proceedings, the Court of Appeals or Supreme Court may, upon a proper showing of financial inability to employ counsel for such purpose, assign counsel as provided in division (A) of this section."

Thus, if the petition is sufficient on its face and the petitioner is indigent, it is mandatory that counsel be appointed in the trial court for proceedings on the petition and on the appeal, if properly taken. The latter statute gives discretionary authority to the appellate courts therein mentioned to appoint counsel on an appeal from a denial of

relief in a postconviction proceeding. Inasmuch as counsel was appointed below for the postconviction hearing, we are not here concerned, nor do we decide, what the Legislature intended by the term "sufficient on its face" insofar as it relates to the appointment of counsel in the trial court.

The trial court, while appointing counsel for the hearing, did not appoint counsel for the petitioner on his appeal. The Legislature having evidenced an intention that such persons be represented on properly filed appeals, and this appeal being timely filed, we exercise our authority under Section 2941.50 (C). We find the petitioner indigent and appoint Harry Herdman, a member of the Scioto County Bar, to prosecute the appeal.

The appellant herein, acting as his own counsel, has also included in his motion a request that he be furnished the necessary records and papers to conduct his appeal. Upon examination of the record, we find that, at appellant's request, without fee, a transcript of the docket and journal entries and the original papers in the lower court have been filed in this court. Notably lacking, however, is a bill of exceptions setting forth the evidence received by the trial court upon which the judgment was based.

Unlike the conclusion reached as to a constitutional right to appointment of counsel on appeals from a denial of postconviction relief, we are of the view that the indigent appellant is constitutionally entitled, by virtue of the equal protection clause of the Fourteenth Amendment to the United States Constitution, to a bill of exceptions at state expense. In *Long* v. *District Court of Iowa*, 385 U. S. 192, 17 L. Ed. 2d 290, 87 S. Ct. 362, December 5, 1966, a prisoner instituted habeas corpus proceedings, an evidentiary hearing was held and relief denied. The prisoner requested he be furnished counsel for an appeal from the denial of relief and a transcript of the hearing, which requests were denied. The Supreme Court of the United States granted certiorari but limited the grant to the refusal to furnish the prisoner, an indigent, with the transcript of the habeas corpus hearing for the appeal. The court reversed by reason of its decisions in *Smith* v. *Bennett*, 365 U. S. 708, 6 L. Ed. 2d 39, 81 S. Ct.

895, and *Lane* v. *Brown*, 372 U. S. 477, 9 L. Ed. 2d 892, 83 S. Ct. 768. The court stated:

"In *Lane* v. *Brown, supra,* at 483, the court reaffirmed the fundamental principle of *Griffin* v. *Illinois,* 251 U. S. 12, 19 (1956), [100 L. Ed. 891, 76 S. Ct. 585, 55 ALR 2d 1055 (1956)], that 'Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.' The court in *Lane* went on to observe that *Smith* had established 'that these principles were not to be limited to direct appeals from criminal convictions, but extended alike to state postconviction proceedings.' 372 U. S. at 484 [9 L. Ed. 2d at 897]."

In *U. S.* v. *York,* 281 F. Supp. 779 at page 783, footnote 6, it is suggested that the action of the Supreme Court in *Long,* by agreeing to review only the refusal of the transcript and not the right to counsel, may disclose an awareness of a difference between constitutional underpinnings for the right to a free transcript for use on appeal in a habeas corpus proceeding from the right of counsel.

Even prior to *Long* v. *District Court of Iowa, supra* (385 U. S. 192), the United States Supreme Court, relying on *Lane* v. *Brown, supra,* vacated a judgment of the Supreme Court of Alabama, in *Cooper* v. *State,* 274 Ala. 47, 149 So. 2d 834, denying, for use on appeal, a free transcript of the evidence submitted on a petition for writ of error *coram nobis. Cooper* v. *Alabama,* 375 U. S. 23, 11 L. Ed. 2d 43, 84 S. Ct. 84.

We find no express authority granted by the Ohio statutes, either to the trial court or to an appellate court, to furnish a bill of exceptions of the postconviction hearing on appeal from the denial of postconviction relief. Section 2953.21 (C), Revised Code, provides that the court reporter's transcript may be considered before granting a hearing, in determining whether substantive grounds for relief exist. The transcript referred to is the original proceedings at the trial on the merits at which the defendant was convicted.

We note that Section 2953.23, Revised Code, was amended, effective December 9, 1967, to provide that an order awarding or denying relief sought in a petition filed

pursuant to Section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to *Chapter 2953* of the Revised Code. The statute previously provided that such appeals were to be made pursuant to Chapter 2505 of the Revised Code. See *State* v. *Williamson,* 10 Ohio St. 2d 195. Chapter 2505 is entitled "Procedure on Appeals" and relates to appeals in civil actions. Chapter 2953 is entitled "Appeals" and relates to appeals in criminal cases.

We cannot ascribe to the Legislature an intention to provide counsel for indigents in such appeals for what would be, for the most part, meaningless appeals. Such would be the result without a bill of exceptions. The most astute of counsel cannot demonstrate error from a record which exists only in a court reporter's stenographic notes. We find it significant that the present sections providing for appointment of counsel on appeal by the trial court and providing appeals to be under the criminal procedure were effective on the same date, to wit, December 9, 1967.

Located with Chapter 2953 of the Revised Code is Section 2953.03 which provides in part:

"The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either, paid from the county treasury in the manner provided in Section 2301.24 of the Revised Code, and order the amount in money so paid charged as costs in the case."

We believe it to be a reasonable interpretation of Section 2953.23, Revised Code that the Legislature by providing therein that appeals were to be pursuant to Chapter 2953 of the Revised Code, recognized the constitutional right of indigents to a transcript and bill of exceptions, and that it was intended to provide such by virtue of 2953.-03, Revised Code.

Counsel having been appointed herein, he may make application to the trial court for a bill of exceptions of the postconviction hearing at state expense.

*Motion granted.*

GRAY, P. J., and ABELE, J., concur.