Calvin Lowell Waldon, petitioner, v. District Court of Lee County, Honorable W. L. Huiskamp, Judge, respondent.

No. 51438.

(Reported in 130 N.W.2d 728)

October 20, 1964.

Calvin Lowell Waldon, plaintiff-petitioner, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for defendant-respondent.

THORNTON, J.—This is an original proceedings in certiorari in this court. We granted the writ directed to defendant-court to review the order of that court denying plaintiff's application for the appointment of counsel to prosecute an appeal to this court from an order of defendant-court denying plaintiff's petition for a writ of habeas corpus without an evidentiary hearing. Plaintiff is confined in the penitentiary at Fort Madison pursuant to a judgment of the Polk District Court. He is an indigent. He was permitted to file his petition for writ of habeas corpus in the defendant district court without payment of costs and so proceeds here. He has appealed to this court from the denial of his petition for a writ of habeas corpus. His contention is that the failure of this state to furnish counsel for him to prosecute such appeal denies him due process of law and equal protection of the laws as guaranteed by Amendment 14, section 1, of the Constitution of the United States.

The district court's denial of plaintiff's application for appointment of counsel rests on the ground habeas corpus is a civil action and there is no provision in the Iowa law for the appointment of counsel in a civil action. Unless plaintiff is denied a fundamental right guaranteed by the federal or state constitution this is an adequate ground.

I. Amendment 14, United States Constitution, provides in pertinent part: "* * *; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Plaintiff argues because the fact habeas corpus is a civil action is no barrier to an indigent filing his petition in habeas corpus without the payment of fees it follows the fact habeas corpus is a civil remedy should not prevent the appointment of counsel to prosecute an appeal in such action. He further urges the mere filing does not relieve the state of its obligation to make all phases of habeas corpus proceedings available to him; because he is confined he is denied the benefit of oral argument in this court as well as the assistance of counsel in preparing

his case. These of course are available to those who have means to employ counsel.

The real question is, must a state, to give equal protection of the laws, furnish counsel to indigents to prosecute post conviction remedies? No authority so holds. The case of Lane v. Brown, 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed.2d 892, cited by petitioner, is more nearly apposite here than any other case to come to our attention. In Lane, the respondent, Brown, was an indigent prisoner in Indiana. He sought a writ of error coram nobis. This is a post conviction remedy civil in nature in Indiana. It presents a new cause for the correction of errors of fact unknown at the time of trial. McCrary v. State, 241 Ind. 518, 173 N.E.2d 300, 305. The writ was denied by the trial court. Respondent, Brown, was represented in the trial court by the public defender. Under Indiana law the public defender is required to represent persons situated like Brown. After the trial court refused the writ Brown requested the public defender to appeal to the Indiana Supreme Court. The public defender refused because he thought the appeal would be without merit. Brown then applied to the trial court for a transcript of the coram nobis hearing and the appointment of counsel to perfect an appeal, this was denied. The Indiana Supreme Court stated the public defender was under no duty to request a transcript and in the absence of a request from the public defender the trial court was under no duty to provide a transcript at public expense. The rules of the Indiana Supreme Court permit an appeal in coram nobis cases but require a transcript be filed in order to confer jurisdiction upon the court to hear such an appeal. The Supreme Court of the United States said, at pages 481 and 485 of 372 U. S., pages 771 and 773 of 83 S. Ct.:

"The upshot is that a person with sufficient funds can appeal as of right to the Supreme Court of Indiana from the denial of a writ of error *coram nobis,* but an indigent can, at the will of the Public Defender, be entirely cut off from any appeal at all. * * * The provision before us confers upon a state officer outside the judicial system power to take from an indigent all hope of any appeal at all. Such a procedure, based on indigency alone, does not meet constitutional standards."

The United States Supreme Court remanded the case, "so that appropriate orders may be entered ordering Brown's discharge from custody, unless within a reasonable time the State of Indiana provides him an appeal on the merits to the Supreme Court of Indiana from the denial of the writ of error *coram nobis*." Page 485 of 372 U. S., page 773 of 83 S. Ct.

We quote the following footnote to Lane v. Brown, supra, at page 485 of 372 U. S., page 773 of 83 S. Ct., because it points up a question involved:

"We do not deal here with a preliminary screening procedure applicable alike to all *coram nobis* appeals. Nor need we determine in this case what procedural measures Indiana might constitutionally take to reduce the public expense of indigents' appeals. See Griffin v. Illinois, 351 U. S., at 20 [76 S. Ct., at 591]."

Plaintiff also cites Douglas v. People of the State of California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed.2d 811. Douglas was convicted of a felony. He appealed as of right to the District Court of Appeal. He was an indigent. He was denied the assistance of counsel on appeal. The District Court of Appeal stated it had gone through the record and had come to the conclusion that no good whatever could be served by appointment of counsel. The District Court of Appeal was acting pursuant to a California rule of criminal procedure which provides that state appellate courts, upon request of an indigent for counsel, may make an independent investigation of the record and determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed. The United States Supreme Court pointed out it was dealing only with the first appeal granted as a matter of right to rich and poor alike. Discretionary appeals were excluded. The court's holding the case should be remanded for further proceedings was based on the denial of an appeal of right to an indigent without benefit of counsel while a man of means would enjoy such. The decision might well have rested on the ground of discrimination between indigents where the preliminary determination by the District Court of Appeal was made without benefit of counsel and a full transcript.

Other cases of the United States Supreme Court bearing on this question are Griffin v. People of the State of Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891, granting an indigent prisoner an adequate transcript of trial proceedings to perfect his appeal; Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U. S. 214, 78 S. Ct. 1061, 2 L. Ed.2d 1269, and Draper v. State of Washington, 372 U. S. 487, 83 S. Ct. 774, 9 L. Ed.2d 899, involving the trial court's determination a transcript would not promote justice, and denying a request therefor at public expense in the face of a provision of the Washington Constitution granting the right to appeal in criminal cases; Burns v. State of Ohio, 360 U. S. 252, 79 S. Ct. 1164, 3 L. Ed.2d 1209, filing fee for motion for leave to appeal to the Ohio Supreme Court; and Smith v. Bennett, 365 U. S. 708, 81 S. Ct. 895, 6 L. Ed.2d 39, requiring Iowa to allow the filing of petitions by indigents in habeas corpus cases without payment of fees.

The reason for decision in each of the foregoing cases is, the right to the remedy provided by statute had been effectively denied to the indigent prisoner by state action, either from pursuing the remedy in the first instance or from pursuing an appeal granted as of right. In Smith v. Bennett, supra, the prisoner was not allowed to commence his action, in the other cases cited the review granted by statute was entirely cut off because an adequate transcript or other record of trial proceedings was not allowed to be presented to the reviewing court. Nothing was before such court to review.

II. While there is no prior authority holding a state is constitutionally bound to furnish counsel on appeal for an indigent seeking a post conviction remedy, the question still remains, Is a state so bound? We think not.

In criminal prosecutions a defendant is entitled to the assistance of counsel. This is true by virtue of Amendment 6 to the United States Constitution made applicable to the states by Amendment 14, United States Constitution, and by virtue of section 10, Article I, of the Iowa Constitution, and furnished to indigents by Iowa, sections 775.4 and 775.5, Code of Iowa, 1962. The next step is to the post conviction remedy, habeas

corpus. The writ of habeas corpus is provided for in our Constitution, section 13, Article I:

"The writ of habeas corpus shall not be suspended, or refused when application is made as required by law, unless in case of rebellion, or invasion the public safety may require it."

◼ The requirements of law are set forth in chapter 663, Code of Iowa, 1962, and the judgment is appealable to this court as a matter of right. Rule 331, Rules of Civil Procedure. Alberts v. Lainson, 250 Iowa 748, 94 N.W.2d 94. This much has been afforded this plaintiff.

Iowa has not, as Indiana did, see Lane v. Brown, supra, set up a system whereby indigents have the assistance of a public defender in some cases and not in others based on the determination of the public defender that the appeal lacked merit. This is the crucial point, when the State through its filing fees, rules regarding transcripts, and prior determinations by nonjudicial officers or judges not based on a full and adequate transcript of the proceedings to be reviewed, or any other manner, denies to one person the right of appeal which it grants to another, equal protection of the laws is denied such person. Likewise such person is denied due process of law because he is denied the appeal provided by law as a matter of right. Once the right is provided it is open to all.

◼ Without statutory provisions therefor due process of law does not require a state to afford review of a criminal judgment. Griffin v. People of the State of Illinois, 351 U. S. 12, 21, 76 S. Ct. 585, 591, 100 L. Ed. 891.

◼ Plaintiff's right to appeal granted by Iowa law has not been denied him. His appeal will receive the same consideration as all other appeals. All that is denied him is the right to orally argue his case here. This is denied all prisoners. All those similarly situated are on the same footing. Of course, those not confined have the right to be heard orally here.

Lack of oral argument on appeal does not effectively deny plaintiff his right to a full review of all matters presented to the trial court.—Writ annulled.

All JUSTICES concur except HAYS, J., not sitting.