IN RE INTEREST OF CHARLES CHAMBERS, a child.

BARBARA CHAMBERS, appellant, v. DISTRICT COURT OF DUBUQUE COUNTY, IOWA, appellee.

No. 52683.

(Reported in 152 N.W.2d 818)

SEPTEMBER 19, 1967.

Carl V. Riley, of Dubuque, for appellant.

Michael S. McCauley, County Attorney, and Clifford S. Less, Assistant County Attorney, both of Dubuque, for appellee.

Lorna L. Williams, Special Assistant Attorney General, of Des Moines, appears amicus curiae.

LeGRAND, J.—On November 18, 1966, the district court of Dubuque County, sitting as a juvenile court, entered a decree severing the parental rights of both Virgil Chambers and Barbara Chambers with reference to their minor son, Charles Chambers.

This decree was based upon evidence taken at a hearing under chapter 232, Code of Iowa. Chapter 232 was enacted in its present form in 1965, at which time the former juvenile Act was repealed. Much of the present Act is the same as the old, but some substantial changes were made. The particular sections important to this action will be discussed later.

Prior to the hearing above referred to, plaintiff was found

to be an indigent person and Carl V. Riley, an attorney of Dubuque, was appointed to represent her at the hearing under the authority of section 232.28, Iowa Code 1966. The hearing was officially reported as required by section 232.32, Iowa Code 1966.

Plaintiff, having determined to appeal from the decree by which her parental relationship with her son was terminated, filed a motion asking that Dubuque County be ordered to furnish her, without cost, a transcript of the evidence taken at the hearing and that the county also be ordered to pay her attorney fees on the appeal. Her motion was denied, and she has been granted permission to file this interlocutory appeal testing the legality of that order.

We must determine here whether an indigent parent is entitled, at public expense, to the assistance of counsel and to a transcript of the evidence to prosecute an appeal from a juvenile court decree when such an appeal is specifically authorized by statute.

■ The right to appeal was unknown at common law. It may be granted or denied by the legislature. In re Durant Community School District, 252 Iowa 237, 245, 106 N.W.2d 670; Wissenburg v. Bradley, 209 Iowa 813, 821, 227 N.W. 136, 138. The right to appeal from juvenile court decrees has long been recognized in Iowa under our Rules of Civil Procedure. Savery v. Eddy, 242 Iowa 822, 837, 45 N.W.2d 872, 880. The Sixty-first General Assembly in 1965 gave specific statutory authorization to such an appeal in section 232.58, Code 1966.

Once the right to appeal has been granted, however, it must apply equally to all. It may not be extended to some and denied to others. Waldon v. District Court, 256 Iowa 1311, 1316, 130 N.W.2d 728, 731. Plaintiff complains here that she is deprived of her statutory right of appeal solely because she is unable to hire a lawyer or buy a transcript.

If this were a criminal appeal, it is beyond argument that plaintiff would be entitled to the relief she seeks. Weaver v. Herrick, 258 Iowa 796, 140 N.W.2d 178, 181, 182; Schmidt v. Uhlenhopp, 258 Iowa 771, 140 N.W.2d 118, 120. But it is urged upon us that there is no authority permitting the appointment of counsel nor to order payment of transcript costs

because this is a civil case. It might be more nearly accurate to contend that plaintiff is not entitled to this help because it is not a criminal appeal. Under section 611.2, Code of Iowa, this is not a civil action, but rather a special proceeding. Ethridge v. Hildreth, 253 Iowa 855, 859, 114 N.W.2d 311, 313. In any event the recent decision of the Supreme Court of the United States, In re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed.2d 527, which will be discussed later in this opinion, holds that constitutional rights should not depend on the type of action involved. At page 558 of 18 L. Ed.2d the court said: " * * * juvenile proceedings to determine 'delinquency,' which may lead to commitment to a state institution, must be regarded as 'criminal' for purposes of the privilege against self-incrimination. To hold otherwise would be to disregard substance because of the feeble enticement of the 'civil' label-of-convenience which has been attached to juvenile proceedings."

I. Before considering the effect of In re Gault, supra, on the matter now before us, we discuss our own statutory provision in chapter 232, Code of Iowa 1966.

Plaintiff's right of appeal is guaranteed under section 232.58, which permits an interested party aggrieved by any order or decree of the court to appeal to us for review of questions of law and fact. Once indigency is established, as it was in this case, she is given the right to counsel under the provisions of section 232.28, and section 232.32 requires that all hearings shall be reported by stenographic notes or mechanical recordings unless the parties waive their right to such record.

Sections 232.58 and 232.52 are new to our law. Section 232.28 is new as it applies to plaintiff. The statute prior to the adoption of section 232.28 in 1965 provided for the appointment of counsel to represent a child who was required to appear in juvenile court but there was no provision until now for the appointment of counsel to represent parents, guardian or custodian. As far as we are concerned, therefore, all of the provisions important to a determination of this case are new and are before us for the first time.

The conclusion is inescapable that the legislature intended to afford all persons coming before the juvenile court a full and complete review on appeal. This is particularly true

in view of section 232.1, which provides that the chapter shall be liberally construed so that each child coming within the jurisdiction of the court will receive care and guidance that will conduce to his welfare and the best interests of the state. It must be assumed that this right of appeal, particularly in view of section 232.1, was not intended to be limited to those cases in which the minor child or his parents were financially able to afford such appeal. Certainly the legislature intended that the indigent child or the indigent parent should receive an appeal equal to that of the affluent one.

Plaintiff here asks for two separate things. She asks to have counsel for purposes of appeal just as she had counsel at the time of the hearing before the juvenile court. She also asks for a transcript of the evidence introduced at the hearing before the juvenile court.

We consider each of these requests separately, although we may state before doing so that the right of appeal without both of them is a mere sham and fails to meet constitutional requirements. Weaver v. Herrick, 258 Iowa 796, 140 N.W.2d 178, 181, 182; Schmidt v. Uhlenhopp, 258 Iowa 771, 140 N.W.2d 118, 121. We recognize that these are cases involving appeals in criminal cases, as are most of the decisions involving appointment of counsel and related matters, but they nevertheless show, if any showing is necessary, that the assistance of counsel and the furnishing of a transcript are essential to a fair appeal.

We see no reason why the appointment of counsel for plaintiff under section 232.28 should be construed to terminate when the hearing before the juvenile court was concluded. That section does not so provide; and when plaintiff was given the statutory right to appeal, it must have been contemplated that such an appeal would require the services of counsel. We hold therefore that the appointment of counsel to represent plaintiff should continue through all stages of the proceedings including an appeal as authorized by statute.

The question involved in whether plaintiff is entitled to a transcript is not exactly on the same footing as her request for counsel. Chapter 232 contains no provisions concerning a transcript of the proceedings before the juvenile court. It

does require however, as noted above, that all proceedings before the juvenile court be reported. Furthermore the appeal to which plaintiff is entitled in this cause is de novo. In re Morrison, 259 Iowa 301, 144 N.W.2d 97, 100. It requires no authority to demonstrate that an appeal de novo without a transcript of the evidence upon which that appeal is based is, in effect, no right of appeal at all. It would be a strange interpretation of chapter 232 indeed if we should find that the legislature specifically gave plaintiff the right to appeal; that it specifically provided that all proceedings in juvenile court should be reported; that it specifically provided for the appointment of counsel for indigent persons, but that it nevertheless refused to permit plaintiff to pursue her statutory right of appeal solely because she was unable to afford a transcript. We are unwilling to so hold.

We find therefore that plaintiff is entitled to a transcript of the hearing held in juvenile court, and that the county must provide such a transcript without cost to plaintiff.

II. Perhaps some further brief mention should be made of In re Gault, supra, although we do not feel that that decision is determinative in this case since it does not deal with rights on appeal and since by its specific language its effect is limited to cases in which a juvenile might be committed to a state institution. In other words that case deals entirely with delinquency matters while we have before us here a matter involving a dependent and neglected child. However, our chapter 232 is one of general application, and the rules which we adopt will be used in all proceedings in the juvenile court. The procedure which we approve today in a dependency matter must be used tomorrow to govern the conduct of a delinquency hearing. We take it, therefore, that the Gault decision, as applied to our law, clearly warns us to be wary of taking constitutional shortcuts which would result in any substantially different treatment of a juvenile from that which would be accorded an adult charged with the commission of a crime.

As above stated, the Gault case does not deal with rights on appeal, but the following language on page 563 of 18 L. Ed. 2d is significant: "As the present case illustrates, the consequences of failure to provide an appeal, to record the pro-

ceedings, or to make findings or state the grounds for the juvenile court's conclusion may be to throw a burden upon the machinery for habeas corpus, to saddle the reviewing process with the burden of attempting to reconstruct a record, and * * *."

We feel that the Gault decision adds strength to the conclusions reached by us in Division I of this opinion.

III. Several other matters should be mentioned. It is claimed plaintiff is not entitled to relief because she made no showing of indigency at the hearing on her motion, and also because her motion was signed by her counsel rather than by her individually. We find no merit in either of these contentions. There had been one finding of indigency, and, in the absence of a showing to the contrary, it is fair to assume that this condition continued to exist. No such showing was made or attempted at the hearing on plaintiff's motion. No authority has been cited to us which would require the plaintiff to personally sign her motion and under the circumstances existing here we find that signature by her counsel is sufficient.

It is also claimed that section 232.52, Code of Iowa 1966, is conclusive authority for denying plaintiff's motion. That section sets out certain charges which may be made against the county in juvenile proceedings. It makes no mention of the cost of providing a transcript. It provides that there shall be paid reasonable compensation for an attorney appointed by the court to serve as counsel or guardian ad litem. What we have already said concerning the appointment of counsel carrying over into the appellate stage justifies the interpretation here that the provision for reasonable compensation includes compensation for services rendered on appeal.

This of course does not apply to the question of the cost of a transcript, concerning which there is no statutory provision whatever. In arriving at a proper interpretation of chapter 232, the entire Act should be considered and construed as a whole without undue emphasis or importance being placed upon any one section. Manilla Community School District v. Halverson, 251 Iowa 496, 501, 502, 101 N.W.2d 705, 708, and cases therein cited. We cannot escape the conclusion, from an interpretation of chapter 232 taken in its entirety, that the

legislature intended to afford a full and complete review on appeal from juvenile court proceedings to indigents as well as those able to pay for their appeal. Since such an appeal in a de novo review is not possible without a transcript of the evidence, we hold that plaintiff is entitled to such a transcript at county expense.

This case is reversed and remanded for entry of an order not inconsistent with this opinion.—Reversed.

All JUSTICES concur except JUSTICE BECKER, who takes no part.