Mark REYNOLDS, Appellee,

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellant.**

No. 91–1251.

Supreme Court of Iowa.

Dec. 23, 1992.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Special Asst. Atty. Gen., and Kathrine S. Miller–Todd, Asst. Atty. Gen., for appellant.

Thomas M. Walter and Gayla Harrison of Johnson, Hester & Walter, Ottumwa, for appellee.

NEUMAN, Justice.

This appeal concerns a refusal by the Iowa Department of Human Services to correct or expunge an entry in the state child abuse registry. On judicial review of agency action the district court found the governing statute, Iowa Code § 235A.19(2)(a) (1989), unconstitutional. The State has now appealed and we reverse.

In January 1989 the Iowa Department of Human Services (DHS) named Mark Reynolds as a perpetrator of child abuse and filed its findings with the Iowa Child Abuse Information Registry. *See generally* Iowa Code § 235A.12. Reynolds was promptly notified pursuant to Iowa Code section 232.71(7). Child in need of assistance (CINA) proceedings were then begun in juvenile court. Nine months later, the juvenile court ruled that although the proof conclusively established that Reynolds' daughter had been sexually assaulted, the court could not find by clear and convincing evidence that Reynolds was the assailant. The court nevertheless restricted Reynolds' future visitation with his daughter.

Based on the court's findings, Reynolds sought to have his name expunged from the registry. Iowa Code section 235A.19(2)(a) governs such requests. It provides:

A person may file with the department *within six months of the date of the notice of the results of an investigation* required by section 232.71, subsection seven, a written statement to the effect that child abuse information referring to the person is in whole or in part erroneous, and may request a correction of that information or of the findings of the investigation report. The department shall provide the person with an opportunity for an evidentiary hearing pursuant to chapter 17A to correct the information or the findings, unless the department corrects the information or findings as requested. The department shall delay the expungement of information which is not determined to be founded until the conclusion of a proceeding to correct the information or findings. *The department may defer the hearing until the conclusion of a pending juvenile or district court case relating to the information or findings.*

Iowa Code § 235A.19(2)(a) (emphasis added).

DHS refused to amend the registry, asserting (1) Reynolds' request was untimely, and (2) its findings—based on a preponderance of the evidence—were not in conflict with the juvenile court's acquittal of Reynolds under the higher standard of clear and convincing evidence.

Reynolds sought judicial review of the agency's decision. The district court reversed. It concluded that section 235A.19(2)(a), on its face, denied Reynolds equal protection and due process. This appeal by the State followed.

■ I. It is axiomatic that the equal protection clauses of our state and federal Constitutions prohibit state action which discriminates among persons along irrationally drawn class lines. *Redmond v. Carter*, 247 N.W.2d 268, 271 (Iowa 1976). Here Reynolds alleged—and persuaded the trial court—that section 235A.19(2) impermissibly denied him a right available to DHS, that is, the opportunity to defer hearing on a requested correction until the conclusion of pending juvenile proceedings. By casting his complaint as a denial of equal protection, however, Reynolds has confused privilege with process.

Under the statutory scheme of chapter 235A, DHS is charged with responsibility to organize and staff a registry for the collection, maintenance and dissemination of child abuse information. Iowa Code § 235A.14(1), (2). The purpose of the registry is to aid the research and identification of victims or potential victims of child abuse through one statewide source of data. Iowa Code § 235A.12. The statute is also designed to provide safeguards

against the unwarranted invasion of privacy which such registry might otherwise entail. *Id.* Once a report of abuse is made and forwarded to the registry, *see* Iowa Code § 232.70(4)(b) and (c), DHS is obliged to notify the subject of the report and advise that person of the right to ask for a correction of the information in accordance with Iowa Code section 235A.19. Iowa Code § 232.71(7).

Just as the responsibility to investigate and compile child abuse data rests with DHS, the privilege to challenge the accuracy of the registry rests with the accused. This in turn triggers an obligation by DHS to grant an evidentiary hearing unless the department willingly corrects its information or findings. Iowa Code § 235A.19(2)(a). In the meantime, DHS is authorized to delay expungement pending outcome of the hearing, or defer the hearing until conclusion of a pending court case relating to the same information. *Id.*

Throughout this process the rights and obligations of the parties are not the same; they are responsive to the other's action. This is natural given the parties' markedly different roles as investigator and investigatee. No one disputes the reasonableness of these classifications. Moreover, Reynolds concedes that he has been treated the same as all other alleged abusers. So long as members of the same class are treated equally, and the classification itself is reasonable, the Constitution's equal protection standard is not violated. *Hack v. Auger,* 228 N.W.2d 42, 43 (Iowa 1975).

■■■ II. The real question is whether the process outlined in section 235A.19(2)(a) meets constitutional muster. Duly enacted statutes are, of course, cloaked with a strong presumption of constitutionality. *Koppes v. Pearson,* 384 N.W.2d 381, 385 (Iowa 1986). When faced with a claim that a statutory procedure fails to comport with due process, we are obliged to identify and weigh the following factors: (1) the private interest affected by the State action; (2) the risk that an erroneous deprivation of that interest will result from the procedure dictated; (3) the probable value, if any, of additional or substitute procedural safe-guards; and (4) the fiscal and administrative burden to the government were additional or substitute procedures compelled. *In re K.L.C.,* 372 N.W.2d 223, 226 (Iowa 1985) (citing *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976)). No particular process is guaranteed; beyond the basic element of notice and opportunity for hearing, the concept of due process is merely meant to protect substantial rights. *Id.*

■■ Here the district court faulted section 235A.19(2)(a) because it grants the agency—but not the accused—the authority to defer hearing on the accused's request to correct the registry pending completion of judicial proceedings. Relying on this alleged procedural infirmity, the court held that it was unfair—and hence "unconstitutional and contrary to law"—for DHS to deny Reynolds' request for expungement once the six-month deadline of section 235A.19(2)(a) had passed. On appeal the State asserts that the statute affords Reynolds ample procedural protection; he simply neglected to take advantage of it. It also asserts that a delayed hearing would not have resulted in Reynolds' removal from the registry. We agree on both counts.

■■ To begin, the record does not support Reynolds' claim that if he had made a timely request for expungement, and then asked that his hearing on the request be deferred until conclusion of the juvenile proceedings, his petition would have been denied. The statute does not, on its face, prevent an accused from making such a request. Nor does it appear that the accused would be prevented from appealing the denial of such a request, if one were made. The fact is that Reynolds made no attempt to engage this process. Thus he is in a poor position to complain about its inadequacy.

Turning to the factors identified in *Mathews,* Reynolds has demonstrated little risk that inability to defer the hearing on his own would result in an erroneous listing in the registry. Implicit in the court's ruling is the notion that if Reynolds had been permitted to delay the expungement hear-

ing, the outcome would have been different; that DHS would have removed his name from the registry based on the juvenile court's decision. Yet we note that DHS is authorized to list in the registry those persons found, by a preponderance of the evidence, to be suspected of child abuse. *See* Iowa Code § 235A.18(2) (referring to expungement of information which could not be determined by a preponderance of the evidence to be founded or unfounded within one year). Nowhere in the statute is DHS required to remove founded reports which are later determined not to meet the higher judicial standards of clear and convincing evidence or proof beyond a reasonable doubt. We interpret this scheme as a deliberate attempt by the legislature to create a safety net for abused children in an arena in which extraordinary proof is often difficult, if not impossible, to secure.

Further, we question the value of granting Reynolds the additional process ordered by the court. On this appeal he defends his failure to timely comply with section 235A.19 by asserting that six months is inadequate for a meaningful hearing and adjudication of the expungement request, particularly when one is burdened by the pursuit of simultaneous proceedings in juvenile court and under the registry. But the record reveals that medical evidence used to cast doubt on the State's proof in the CINA proceeding was available to him (and, in fact, tendered to the court) within the six-month deadline of section 235A.19. More importantly, we believe that the time limit in section 235A.19 is rationally related to the legislation's intended purpose: to facilitate the identification of child abuse victims while safeguarding the confidentiality of the registry. *See* Iowa Code § 235A.12. Given the prompt notice to alleged perpetrators, and the urgent need to protect potential victims, we do not believe a six-month period in which to seek correction or expungement is unreasonable.

In summary, we are convinced that the statutory scheme of section 235A.19(2)(a) satisfies due process. The district court's contrary judgment must be reversed and the case remanded for an order affirming the decision of the agency.

REVERSED AND REMANDED.

All Justices concur except SNELL, J., and McGIVERIN, C.J., who dissent.

SNELL, Justice (dissenting).

I respectfully dissent.

The majority decides this case on the basis that an alleged child abuser has no right to clear his name, only a "privilege." That "privilege," not coextensive with rights granted the State as prosecutor, according to the majority, is merely a procedure designed to prompt an evidentiary hearing. Because of the odious nature of child abuse, numerous reasons are cited why the already presumed guilty person is not given the same opportunity for a hearing as is the department of human services. These reasons are that (1) Reynolds failed to follow the statute by asking for a hearing within six months; (2) Reynolds failed to try to assert a right not granted by the statute but not denied either, *i.e.*, to defer his hearing until conclusion of the juvenile proceedings; and (3) Reynolds failed to appeal the denial of the request he failed to make, although no appeal right is mentioned in the statute. With so many failures to preserve error, little prejudice on the merits could be found by the majority.

The majority decides that since Reynolds did not have a hearing in six months, the allegation thus hardened into a founded child abuse listing supported by a preponderance of the evidence. As such, giving Reynolds more time to have a hearing on what had become fact would be of questionable value. Thus, has the majority transmuted a statutory right to a "privilege" that when not timely exercised by an accused converts accusations to findings of fact.

With the heavy emphasis by the majority on the procedural non acts of Reynolds, one might forget what he did ask for and never got. A hearing to try to clear his name, he could not have. The agency could delay a hearing until conclusion of a pending juvenile or district court case relat-

ing to the information or findings but the accused could not. No rational reason is suggested for giving this right to the agency sitting as investigator, accuser, judge and jury while denying it to the accused.

The equal protection analysis in our recent decision *Shortridge v. State,* 478 N.W.2d 613, 615 (Iowa 1991), applies in this case. In *Shortridge,* we struck down a legislative amendment to a postconviction relief statute. The amendment limited a prisoner's right to direct appeal in prison disciplinary cases by allowing appeal only by writ of certiorari. The State's right to direct appeal was not limited by the amendment. *Id.* We declared the amendment unconstitutional, stating:

It is true that the right of appeal is purely statutory, not constitutional, and may be granted or denied by the legislature as it determines. *Boomhower v. Cerro Gordo County Bd. of Adjustment,* 163 N.W.2d 75, 76 (Iowa 1968); *In re Chambers,* 261 Iowa 31, 33, 152 N.W.2d 818, 820 (1967). This court has held, however, that once a right of appeal is provided "[i]t may not be extended to some and denied to others." *Chambers,* 261 Iowa at 33, 152 N.W.2d at 820. When procedures enacted by the State serve to deny one person the right of appeal granted to another, equal protection of the law is denied. *Waldon v. District Court,* 256 Iowa 1311, 1316, 130 N.W.2d 728, 731 (1964).

. . . .

In fairness, however, whatever avenue of appellate review is deemed appropriate by the legislature, that right of appeal must be reciprocal. *People v. Sholem,* 238 Ill 203, 208, 87 N.E. 390, 392 (1909); *Caddell v. Fiscal Court,* 238 [258] Ky. 114, 116, 79 S.W.2d 407, 408 (1935); *Forston v. Heisler,* 341 P.2d 252, 256 (Okla.1959); *Texas Liquor Control Bd. v. Lanza,* 129 S.W.2d 1153, 1154 (Tex.Civ.App.1939). Iowa Code section 663A.9 plainly casts prisoners and the State in unequal roles insofar as appeal from adverse disciplinary decisions is concerned. Under the *Chambers* and

*Waldon* decisions cited above, that inequality cannot be permitted.

*Shortridge,* 478 N.W.2d at 615.

In the present case, a substantial imbalance results from the appeal procedures that grant the right to delay proceedings to one party and deny that right to the other. The department of human services argues that administrative efficiency is served by this imbalance because a finding of guilt by clear and convincing evidence or beyond a reasonable doubt in other judicial proceedings would mandate a finding of culpability under the department's preponderance standard. On the other hand, if the accused was found not guilty of abuse by a more onerous burden of proof, the department could still find guilt by a preponderance. Therefore, the department argues, no benefit is gained if an accused delays an administrative hearing until the conclusion of other judicial proceedings.

I do not agree that there is no prejudice to the accused. Failure to establish innocence in other judicial proceedings does not deny an accused the opportunity to be heard on appeal of adverse agency action. Section 235A.19 grants the right to an evidentiary hearing pursuant to chapter 17A to all accused abusers whose request for correction or expungement is denied. Involvement in other judicial proceedings does not abridge this right. Moreover, a juvenile or district court finding that the accused cannot be proven culpable of abuse may be advantageous to an accused in a later administrative hearing. The right to delay the hearing until after conclusion of other judicial proceedings could be at least as beneficial to the accused as it is to the department of human services.

No rational reason exists to afford an unfair advantage in the appeal process to the department of human services. The portion of Iowa Code section 235A.19(2) that grants the department the option to defer an administrative hearing on a request for correction or expungement until the conclusion of a related juvenile or district court case is an unconstitutional denial of equal protection. The failure of the statute to provide to the accused an equiva-

lent right to defer the hearing for correction of the report has the correlative effect of extending the time to request a correction beyond the six-month period referred in section 235A.19(2). I would construe section 235A.19(2) to permit an accused to file and have processed a request for correction within a reasonable time after the conclusion of a pending juvenile or district court case relating to the information or findings in the child abuse report.

McGIVERIN, C.J., joins this dissent.