In the Interest of A.J., Minor Child,

M.J. and R.J., Parents, Appellants.

No. 12–1137.

Court of Appeals of Iowa.

Aug. 22, 2012.

Edward Crowell, Cedar Rapids, for appellants.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and William Croghan, Assistant County Attorney, for appellee.

Robert Davison, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by EISENHAUER, C.J., and DOYLE and TABOR, JJ.

TABOR, J.

At issue in this case are two provisions of Iowa's child abuse registry law: Iowa Code sections 235A.18(2) and 235A.19(2) (2011). The parents bringing this appeal invoked section 235A.18(2)[1] in their motion asking the juvenile court to review a child protective assessment that found they abused their son. The parents urged the court to remove their names from the registry based on their son's recantation of his allegations of abuse after he had been adjudicated as a child in need of assistance (CINA).

The juvenile court denied the parents' motion, concluding it lacked jurisdiction to expunge child abuse information without notice from the registry.[2] The juvenile court cited section 235A.19(2)(a), which sets out the procedure by which the subject of a child abuse report may request a correction from the Department of Human Services (DHS).

---

1. The parents relied on the last sentence of section 235A.18(2): "Child abuse information relating to a particular case of child abuse placed in the central registry that a juvenile or district court determines is unfounded in a written finding based upon a preponderance of evidence shall be expunged from the central registry."

2. The court relied on the first sentence of section 235A.18(2): "The juvenile or district court and county attorney shall expunge child abuse information upon notice from the registry."

On appeal, the parents contend section 235A.18(2) contemplates the juvenile court review they requested. The State also disagrees with the juvenile court's conclusion it lacked jurisdiction to proceed. But nevertheless the State encourages us to affirm the ruling because "[n]othing in chapter 235A ... authorizes a person to insist upon review of an assessment by the juvenile court in CINA proceedings." The State reasons that section 235A.19 provides a "clear path" for challenging assessments through the administrative process, while section 235A.18(2) "confers no power upon persons to *require* judicial review of assessments." We are persuaded by this explanation of the two statutes, but do not believe it supports the outcome requested by the State. Because the juvenile court misinterpreted the first sentence of section 235A.18(2) as limiting its jurisdiction to determine child abuse information is unfounded, we reverse and remand.

## I. Background Facts and Proceedings

At age nine, A.J. was stealing food from lunch boxes at his elementary school. When confronted, he told his teacher that his adoptive parents locked him in his room, denied him food, and struck him with a spoon. The DHS investigated, and on May 25, 2011, issued a founded report of abuse. The juvenile court adjudicated A.J. as a CINA on July 28, 2011, and his parents consented to removal. As the social workers removed A.J., the mother said to him: "I hope you are happy about what you have done." A psychiatrist diagnosed with A.J. with attention deficit hyperactivity disorder (ADHD) and oppositional defiance disorder. His parents also believe he suffers from reactive attachment disorder.

A.J. returned home on February 13, 2012. After they were reunited, A.J. and his mother participated in Parent–Child Interaction Therapy (PCIT). During his individual therapy, A.J. completed a "Trauma Narrative" in which he admitted being mad at his parents and making up a story about being abused. In his narrative, A.J. tells about being adopted and then being moved out of his adoptive home into foster care. He ends by saying:

> So ... I finally got to go home and I still wonder why I lied in the first place. I guess I learned the lesson that lying gets you places you really don't want to go.... Mostly I'm mad I had to leave. Leaving is never fun. Don't try lying at school about your house. Don't do it. What happened to me might happen to you.

A physician, who had been treating A.J. for his ADHD since December 2007, wrote a letter in March 2012, relaying A.J.'s revelations of lying about being physically abused by his parents.

On April 16, 2012, the attorney for both parents filed a "Motion to Review Assessment Under § 235A.18(2)"—requesting the juvenile court make findings and issue an order to remove them from the child abuse registry. The parents' motion asserted: "Under section 235.18(2), the Court can review and amend registry placed child abuse information."

On May 1, 2012, the juvenile court denied the parents' motion and offered the following statutory interpretation:

> Iowa code section 235A.18(2) provides that the juvenile or District Court in [sic] County attorney shall expunge child abuse information upon notice **from** the registry. (Emphasis added.) The court not receiving notice from the registry has no jurisdiction to expunge the requested child abuse information.

The parents filed a motion to amend, arguing the May 1 order featured "an incomplete analysis" of section 235A.18(2). The parents asserted the statute "explicit-

ly grants jurisdiction to the Juvenile Court to grant the Motion to Review." The juvenile court denied the motion to amend. The parents appeal.

## II. Standard of Review

■ We review CINA cases de novo. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). To the extent the parents' claim hinges on interpretation of chapter 235A, our review is for correction of legal error. *See In re N.V.*, 744 N.W.2d 634, 636 (Iowa 2008); *In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct.App.2011).

## III. Analysis

■ The parents want their names removed from the child abuse registry. Their quest centers on Iowa Code section 235A.18(2), which reads as follows:

The juvenile or district court and county attorney shall expunge child abuse information upon notice from the registry. The supreme court shall prescribe rules establishing the period of time child abuse information is retained by the juvenile and district courts. A county attorney shall not retain child abuse information in excess of the time period the information would be retained under the rules prescribed by the supreme court. Child abuse information relating to a particular case of child abuse placed in the central registry that a juvenile or district court determines is

unfounded in a written finding based upon a preponderance of evidence shall be expunged from the central registry.

They believe the last sentence of section 235A.18(2) allows for the juvenile court to make a written finding that the child abuse information relating to A.J.'s case is unfounded, which would result in the information being expunged from the central registry. The juvenile court read the first sentence of section 235A.18(2) as depriving it of jurisdiction to make such a finding without notice from the registry. The State parts ways with the juvenile court, asserting the first sentence in section 235A.18(2) does not modify or otherwise relate to the last sentence.

We agree with the State's interpretation. Subsection two is part of a statute entitled: "Sealing and expungement of founded child abuse information." Subsection one details how the registry is to maintain report data and disposition data in founded child abuse cases.[3] That initial provision calls generally for data to be sealed ten years after it is placed in the registry, and expunged eight years after the data is sealed. Iowa Code § 235A.18(1). The following provision deals with how the child abuse information is expunged.[4] *Id.* § 235A.18(2). The first sentence of section 235A.18(2) directs juvenile courts, district courts, and the county attorney to expunge child abuse information upon notice from the registry. Copies

---

**3.** The chapter defines "report data" as "information pertaining to an assessment of an allegation of child abuse in which the department has determined the alleged child abuse meets the definition of child abuse," including the name and age of the child, the nature and extent of the injury, and the name of the persons responsible for the injury. Iowa Code § 235A.13(10). The chapter defines "disposition data" as "information pertaining to an opinion or decision as to the occurrence of child abuse" including an intermediate or ultimate opinion reached by assessment per-

sonnel and any opinion reached in the course of judicial proceedings. Iowa Code § 235A.13(5).

**4.** The chapter defines "child abuse information" as "any or all ... data maintained by the department in a manual or automated data storage system." *Id.* § 235A.13(2). The chapter defines "expungement" as "the process of destroying child abuse information." *Id.* § 235A.13(6).

of reports containing such information would have been provided to those entities under Iowa Code section 232.71B(14). The second sentence of 235A.18(2) directs the supreme court to prescribe rules establishing the period of time that juvenile courts and district courts are to retain child abuse information.[5] The third sentence applies the supreme court's timelines for retention of child abuse information to county attorneys. The fourth and final sentence mandates expungement of child abuse information relating to a particular case from the central registry if a juvenile court or district court determines it is unfounded.[6]

The State reads the last sentence of section 235A.18(2) as providing "one of two ways" that information can be expunged from the child abuse registry. The State points out the first way for parents to seek expungement of information from the registry is "through administrative and possibly judicial review" under section 235A.19. Section 235A.19(2) allows the subject of a child abuse report

> [to] file with the department within ninety days of the date of the notice of the results of an assessment performed in accordance with section 232.71B, a written statement to the effect that report data and disposition data referring to the subject is in whole or in part erroneous, and may request a correction of that data or of the findings of the assessment report.

The State acknowledges the second route to expungement is "whenever the juvenile or district court makes a written finding that the child abuse in a particular case is unfounded based upon a preponderance of the evidence." *See id.* § 235A.18(2). The State explains: "Section 235A.18(2) merely contemplates that a juvenile court may make a written finding in the regular course of proceedings that child abuse in a particular case is unfounded and that in such case the registry may expunge the pertinent child abuse information upon receipt of such finding."

To harmonize section 235A.18(2) with section 235A.19, the State contends section 235A.19 creates a duty for the DHS to hold contested case hearings for the purpose of reviewing the accuracy of assessments, while section 235A.18 does not mandate judicial review. We accept the State's contention that section 235A.19 is the established method for an accused to challenge the accuracy of the registry. *See Reynolds v. Iowa Dept. of Human Servs.*, 493 N.W.2d 813, 815 (Iowa 1992) (describing DHS obligation to grant an evidentiary hearing). And we agree section 235A.18(2) does not require a juvenile court to hold hearings to determine whether child abuse information is unfounded. But the State acknowledges the language of section 235A.18(2) permits a juvenile court to make such a finding during the

---

**5.** The supreme court did so in Iowa Rule of Juvenile Procedure 8.18:

> The juvenile court shall retain founded child protective assessment reports for ten years. Notwithstanding the foregoing, when notified by the Department of Human Services that the report shall be expunged, the juvenile court shall destroy the report pursuant to Iowa Code section 235A.18. The juvenile court shall retain all other child protective assessment reports for five years from the date of intake at which time

the clerk shall destroy the reports. Notwithstanding the foregoing, child protective assessment reports which are received into evidence in a juvenile proceeding shall be retained for so long as the case file is retained and shall not be destroyed pursuant to this rule.

**6.** "Unfounded" means a child abuse report or complaint not supported by "some credible evidence." Op. Iowa Atty. Gen. (Jan. 20, 1981).

course of a CINA case. If a juvenile court may do so on its own initiative, we do not believe a court would be barred from deciding child abuse information was unfounded when the issue is raised by the parents during the pendency of a CINA case.[7]

In creating the child abuse registry, the general assembly expressed a dual purpose of effectively dealing with the problem of child abuse while vigorously protecting individuals' right to privacy. Iowa Code § 235A.12. In considering chapter 235A, our supreme court noted: "The comprehensive nature of the assessment process reveals the importance of accurate assessments." *Grant v. Iowa Dept. of Human Servs.*, 722 N.W.2d 169, 176 (Iowa 2006). The accuracy of child abuse assessments would be promoted by allowing the juvenile court to consider the parents' motion under section 235A.18(2). The juvenile court has discretion to decline the parents' request to determine the child abuse information in this case is unfounded based on A.J.'s recantations. But—even under the State's reading of the statute— the juvenile court does not lack jurisdiction to consider the request.

Our supreme court has recognized the DHS possesses "a special competency" to maintain the central registry and to correct errors in the child abuse assessments. *Id.* at 177. For that reason section 235A.19 ensures the subject of a child abuse report who files a timely challenge will have the right to be heard by the agency and to seek review of the agency's decision. But the DHS competency in child abuse assessments does not preclude the juvenile court from reaching a finding that child abuse information in a specific case is unfounded. Indeed, the State does not argue section 235A.19 is the sole means to challenge errors in a child abuse assessment. Under the last sentence of section 235A.18(2), a judicial finding that a child abuse allegation is unfounded also will result in expungement of the information from the central registry.

Finally, the State suggests section 232.93 gives the juvenile court discretion to hold a hearing on the accuracy of the founded child abuse assessment *only* if all necessary parties consent. Section 232.93 allows the court to hear and determine issues not contained in an application or pleading if the parties consent. *See In re K.B.*, 753 N.W.2d 14, 16 (Iowa 2008). This provision does not apply here because the parents sought the remedy of removal from the registry in their pleading.

But even if section 232.93 pertained to the instant situation, at a minimum the juvenile court could consider whether the parties consented to a hearing to determine whether the court should issue a written finding that the abuse was unfounded under section 232.18(2). *See In re J.R.H.*, 358 N.W.2d 311, 321 (Iowa 1984). Our record does not foreclose the possibility that the parties would consent. In their motion, the parents indicate they asked the DHS and A.J.'s guardian ad litem for their views on expungement and neither responded. In addition, neither the State nor the guardian ad litem filed a resistance to the parents' motion in the juvenile court.

---

**7.** The ninety-day limit on the section 235A.19(2) administrative remedy suggests our legislature did not intend it as the sole remedy for a subject of an erroneous report. Because additional information may surface outside the ninety-day timeframe to prove a report to be unwarranted, we believe the legislature intended section 235A.18(2) to allow an individual to affirmatively seek a judicial determination rather than hope the court *sua sponte* finds a report to be unfounded.

The juvenile court misread section 235A.18(2) as limiting its jurisdiction to consider the parents' motion to correct information on the child abuse registry based on A.J.'s recantations. Accordingly, we reverse and remand this case for the juvenile court to exercise its discretion to determine whether to grant the parents a hearing on their motion to correct the child abuse information.

**REVERSED AND REMANDED.**