**IN THE COURT OF APPEALS OF IOWA**

No. 24-0079
Filed January 9, 2025

**SEAN P. HUFFMAN,**
     Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.


     Sean Huffman appeals from judicial review of a founded child sex abuse

assessment completed by the Iowa Department of Health and Human Services

and the placement of his name on the child abuse registry.  **AFFIRMED.**


     Sean P. Huffman, Coralville, self-represented appellant.

     Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney

General, for appellee.


     Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

Sean Huffman appeals from judicial review following a founded child sex abuse assessment completed by the Department of Health and Human Services ("the Department")[1] and the placement of Huffman's name on the child abuse registry. Huffman claims the proceedings were tainted by violations of his right to counsel and due process and that the Department's reliance on Huffman's sexual abuse conviction was legal error. Upon our review, we affirm.

I. **Background Facts & Proceedings**

In late 2020, the Department received a report of child sex abuse that named Huffman as the alleged perpetrator. The Department opened an investigation but was unable to reach Huffman despite multiple attempts. In November 2020, the Department determined the allegations were founded for sexual abuse in the third degree. Such a finding qualified Huffman for placement on the child abuse registry for ten years. The Department mailed Huffman a notice of the founded child abuse assessment. Huffman responded by filing an appeal with the Department and denying "any and all allegations[] by alleged witnesses and [Department] staff members." The appeal was assigned to an Administrative Law Judge (ALJ) to oversee as a contested case hearing. *See* Iowa Code § 235A.19 (2020).

In the interim, the State charged Huffman by trial information with two counts of sexual abuse: sexual abuse in the second degree, in violation of Iowa

---

[1] The Department was known as the Department of Human Services before merging with the Department of Public Health to become the Department of Health and Human Services, which became effective on July 1, 2023.

Code section 709.3, and sexual abuse in the third degree, in violation of section 709.4. Both charges arose from the same events as the Department's founded abuse report. A jury trial was scheduled for September 2021, the same month in which the contested case hearing was scheduled. Huffman retained counsel, and Huffman and the Department both moved to continue the administrative appeal until after the conclusion of Huffman's criminal trial. The ALJ granted the continuance. The criminal jury trial proceeded. Huffman was convicted on both counts and sentenced to a period of incarceration.

The administrative appeal then resumed. Huffman informed the ALJ of his convictions and requested that his counsel be dismissed from the administrative proceedings due to financial concerns. The ALJ granted the attorney's motion to withdraw. Shortly thereafter, Huffman submitted a request for court-appointed counsel. That request was denied, and Huffman was self-represented for the remainder of the contested case proceedings.

In August 2022, the Department moved for summary judgment in the administrative proceedings, citing: (1) Huffman's sexual abuse conviction; (2) Iowa Code section 232.71D(3)(b)(1), which requires that a perpetrator's name be "placed in the central registry as a case of founded child abuse" if "the case was referred for . . . criminal court action as a result of the acts or omissions of the alleged perpetrator . . . within twelve months of the date of the department's report concerning the case, in which the alleged perpetrator was convicted of a crime involving the child"; and (3) Iowa Code section 235A.19(3)(d), which provides "a criminal conviction in a district court case relating to the child abuse data or findings may be determinative in a contested case proceeding."

Huffman resisted the Department's motion, filing his resistance after the ALJ granted Huffman an extension of time to file the same. The ALJ then issued a proposed order granting summary judgment and dismissing Huffman's appeal. Huffman again resisted. He submitted a motion in resistance to the ALJ's proposed decision and a request for Department review. The Department granted Huffman's request. The Department later adopted the ALJ's proposed decision and issued a final decision.

Huffman then petitioned for judicial review under Iowa Code section 17A.19. He again requested court-appointed counsel, which was denied, with the district court reasoning that there was no entitlement to counsel at the State's expense in actions for judicial review of agency action. The district court granted Huffman sixty days to retain counsel at his own expense. Before the sixty days passed, Huffman applied for interlocutory appeal of the denial of his request for court-appointed counsel. The Iowa Supreme Court denied Huffman's request for relief, and procedendo issued.

At the district court's instruction, Huffman filed a recast petition for judicial review, clarifying the grounds for his administrative appeal. Huffman's recast petition sought relief on two grounds. First, he claimed violations of his right to procedural due process based on a purported lack of notice or opportunity to rebut the allegations in the underlying administrative and criminal proceedings. Second, Huffman claimed the ALJ's reliance on his criminal conviction precluded Huffman from challenging the Department's factual findings. Huffman later added a challenge to the denials of his requests for appointed counsel in the administrative proceedings.

After holding an unreported judicial review hearing at which both Huffman and counsel for the Department appeared, the district court found all of Huffman's arguments unpersuasive and denied Huffman's requests for relief. Huffman appeals.

## II. Standard of Review

Upon judicial review of an "agency's findings concerning child abuse reports," courts "apply the standards of judicial review set forth in the Iowa Administrative Procedure Act, Iowa Code chapter 17A." *Taylor v. Iowa Dep't of Hum. Servs.*, 870 N.W.2d 262, 266 (Iowa Ct. App. 2015). Those standards are applied not only by district courts on direct judicial review but also by subsequent appellate courts to "determine whether we reach the same results as the district court." *Evercom Sys., Inc. v. Iowa Utils. Bd.*, 805 N.W.2d 758, 762 (Iowa 2011). Relief may be granted "if the agency action has prejudiced the substantial rights of the petitioner, and the agency action meets one of the enumerated criteria contained in section 17A.19(10)(a) through (n)." *Id.* (quoting *Renda v. Iowa C.R. Comm'n*, 784 N.W.2d 8, 10 (Iowa 2010)). The party challenging the agency action bears "the burden of demonstrating the required prejudice and the invalidity of agency action." Iowa Code § 17A.19(8)(a).

When constitutional issues are presented, we apply de novo review. *Sydnes v. Iowa Dep't of Hum. Servs.*, No. 15-1862, 2016 WL 6636810, at *2 (Iowa Ct. App. Nov. 9, 2016) (citing *Chiodo v. Section 43.24 Panel*, 846 N.W.2d 845, 848 (Iowa 2014)).

### III. Analysis

### A. Right to Counsel

Huffman argues his right to counsel was violated when the ALJ denied Huffman's request for court-appointed counsel and again when the district court denied this same request during judicial review. As the Iowa Supreme Court explained in its order denying Huffman's request for relief on interlocutory appeal from the district court:

> The petitioner is not entitled to appointed counsel in this matter. *See* Iowa Code § 815.10(1)(a) ("The court . . . shall appoint [counsel] to represent an indigent person at any stage of the criminal, postconviction, contempt, commitment under chapter 229A, termination under chapter 600A, detention under section 811.1A, competency under chapter 812, parole revocation if applicable under section 908.2A, or juvenile proceedings.").

Nothing has changed since the supreme court issued its order. So we find no new unresolved issue to review. And to the extent Huffman now claims a violation of his Sixth Amendment right, because this is not a criminal matter, such a right does not apply.[2] *See* U.S. Const. amend. VI; *In re V.H.*, 996 N.W.2d 530, 538 (Iowa 2023) (noting the "text of [the Sixth Amendment] applies only to criminal proceedings"). Accordingly, we affirm the denials of Huffman's request for appointed counsel.

### B. Due Process

Huffman argues he "has never been allowed a constitutionally compliant, fair hearing in this matter" and "has been denied due process." Due process in

---

[2] If Huffman contends his due process rights require appointment of counsel in administrative proceedings outside the scope of section 815.10, he fails to provide support for that claim.

administrative hearings is that which is sufficient to give the parties "notice and an opportunity to defend." *See Mauk v. Iowa Dep't of Hum. Servs.*, 617 N.W.2d 909, 912–13 (Iowa 2000).

Having fully and carefully reviewed the record, we determine that Huffman was not deprived of procedural due process either by the agency action or during the subsequent judicial review. The Department attempted to notify Huffman of the allegations during its initial investigation. After the founded assessment, Huffman was notified and granted a contested case hearing to dispute the Department's findings. He presented arguments to the ALJ, who granted Huffman multiple extensions of time before the ALJ issued a proposed order. And, before issuing its final decision, the Department conducted another review and considered Huffman's resistance to the ALJ's proposed order. Huffman was further granted judicial review after the Department issued its final ruling, affording Huffman a third opportunity to defend against the Department's determination. This notice and extensive opportunity to defend against the founded report satisfies Huffman's due process rights.

## C. Use of the Criminal Conviction

### 1. Issue Preclusion

Huffman also claims the Department erred by considering his criminal conviction outcome determinative. Huffman argues that the "versions of events [on which the conviction and the Department's assessment was founded] are so wildly different that issue preclusion could not possibly be satisfied." But this passing mention is all Huffman presents on the issue. Huffman develops this claim

no further and presents no supporting legal authorities.[3]  So Huffman has forfeited this issue on appeal.  *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) ("A party forfeits an issue on appeal when the party fails to clearly identify an issue on appeal[,] . . . when the party fails to make more than a perfunctory argument in support of the issue[,] . . . [and] when the party fails to cite any authority in support of the issue." (internal citations omitted)).

**2.      Testimony in Prior Criminal Trial**

As another ground for disputing the reliance on the criminal conviction, Huffman also raises an issue concerning testimony admitted in the separate criminal trial.  The authority of a court reviewing agency action is limited to the underlying administrative proceedings.  *See* Iowa Code § 17A.19(10).

This appeal does not arise from Huffman's prior criminal proceeding; it arises from judicial review of an administrative action.  Indeed, Huffman has already directly appealed the criminal court proceedings, and this court affirmed his conviction.  *See State v. Huffman*, No. 22-0568, 2023 WL 6619396, at *4 (Iowa Ct. App. Oct. 11, 2023).  The correction of evidentiary issues in Huffman's criminal trial is beyond the scope of this chapter 17A appeal.  And to the extent that the

---

[3] Even if we determined Huffman's passing mention preserved the issue preclusion claim for our review, we would reject this argument.  In the criminal proceedings against Huffman, the State had the burden to prove guilt beyond a reasonable doubt.  *State v. Roghair*, 353 N.W.2d 433, 435 (Iowa Ct. App. 1984).  In this case, the Department only had the burden of establishing the abuse occurred by a preponderance of the evidence.  *Reynolds v. Iowa Dep't of Hum. Servs.*, 493 N.W.2d 813, 816 (Iowa 1992).  The district court correctly determined that issue preclusion prohibits Huffman from relitigating issues that have been decided in favor of the State in a prior proceeding.  Section 235A.19 expressly allows for preclusion under these circumstances.  Iowa Code § 235A.19(3)(d).

issue here invokes an ineffective-assistance-of-counsel claim, such a claim must be brought in "an application for postconviction relief pursuant to chapter 822," Iowa Code § 814.7, as we similarly noted in our decision on the direct appeal from Huffman's conviction, *see Huffman*, 2023 WL 6619396, at *4.

Any remaining issue presented by Huffman's challenge to the testimony admitted at his criminal trial amounts to a collateral attack on his conviction. *See Sanford v. Manternach*, 601 N.W.2d 360, 363–64 (Iowa 1999); *Brown v. Tank*, 297 N.W. 801, 804 (Iowa 1941) ("[A] collateral attack upon a judgment is an attack made by or in an action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action." (citation omitted)). We do not permit such collateral attacks unless the grounds presented are jurisdictional. *Sanford*, 601 N.W.2d at 364. Huffman's evidentiary attack is not.

### 3. Criminal Conviction Validity

Lastly, Huffman disputes the use of his criminal conviction to defeat his challenge to the Department's assessment by claiming the conviction was invalid. To support this claim, Huffman cites to a 1938 U.S. Supreme Court case, which he argues stands for the proposition that when a defendant is denied effective assistance of counsel—as Huffman maintains occurred during his criminal trial—the criminal court loses jurisdiction and any subsequent judgment is therefore invalid. *See Johnson v. Zerbst*, 304 U.S. 458, 468 (1938) ("If [the Sixth Amendment right to counsel] is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void . . . ."). The district court concluded *Zerbst* was ineffective

support for Huffman's challenge. We agree with the district court's conclusion: Huffman's "reliance on *Zerbst* is misplaced."[4]

Central to the *Zerbst* ruling was a complete denial of counsel at all stages of the underlying criminal proceeding, *see* 304 U.S. at 468—a defect that did not occur in Huffman's criminal proceedings. In *Zerbst*, the party challenging his conviction could not afford his own counsel, was completely unaware of his right to counsel, was not informed by the court of his right to counsel, did not appear to waive his right to counsel, and was not provided counsel at any point during his criminal proceedings. *Id.* at 460–65. The Supreme Court determined a conviction is void where a criminal defendant is completely denied the right to the assistance of counsel, and it is determined that the defendant did not waive their constitutional right. *Id.* at 468.

In contrast, Huffman was represented by counsel in his criminal trial. Huffman does not dispute this; instead he argues the assistance he received was deficient and therefore his conviction is void. But an ineffective-assistance-of-counsel claim based on an attorney's allegedly deficient assistance is not equivalent to a constitutional claim in which there was a complete denial of the right to counsel. *See Custis v. United States*, 511 U.S. 485, 496 (1994) ("[F]ailure to appoint counsel for an indigent defendant [is] a unique constitutional defect."); *see also State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008) (explaining the complete denial of counsel at crucial stages of a criminal case is a "structural" error "affecting the framework within which the trial proceeds, rather than simply an error

---

[4] We apply different logic than the district court and reach the same conclusion, without asserting an opinion on the district court's rationale.

in the trial process itself" (citation omitted)).  Given that the unique, structural error identified in *Zerbst* did not occur here and is not equivalent to any issue that Huffman alleges, *Zerbst* does not apply here.

## IV.    Conclusion

We conclude Huffman has failed to show the invalidity of the Department's findings and placement of his name on the central registry.  Upon our de novo review, we find no violation of Huffman's constitutional rights in any portion of the administrative proceedings or the judicial review proceedings that followed.  For the reasons discussed above, we affirm.

**AFFIRMED.**